## FERGUSON vs. THE CITY OF SELMA.

[BILL IN EQUITY TO ENJOIN CORPORATE AUTHORITIES OF A CITY FROM REMOV-
ING BUILDINGS, WHICH HAD BEEN DECLARED A NUISANCE.]

1. *City of Selma, charter of; authority of city council under.*—The city of Selma, in 1866, by its city council, had authority to prevent and remove all nuisances within said city, "such as all decayed and dilapidated houses and structures, calculated to produce disease of any kind, or unfit for use or habitation, and things producing noxious smells in frequented parts of the city, and things producing unhealthy exhalations, and prejudicial to the health of the city, and things calculated seriously to impair the comfort and convenience of the inhabitants of the city," in the manner prescribed in the act of February 24th, 1860, entitled "An act to amend the charter of the city of Selma."

2. *Nuisance, abatement of; when court of chancery will not interfere.*—Chancery will not interfere to prevent the removal of a nuisance under this act, unless it appears that the complainant's right is illegally assailed or threatened with an irreparable injury, and there is no sufficient remedy at law.

3. *Nuisances; what are.*—Tenements consisting of two old and intrinsically valueless houses, on a lot in an improving and flourishing part of said city, which are filthy, and crowded with filthy tenants, and which had been occupied by patients affected with the small-pox, and which had also been condemned as a nuisance by the board of health of said city of Selma, are a nuisance, under the provisions of said act, and may be removed by the city authorities.

APPEAL from the Chancery Court of Dallas.
Heard before the Hon. J. Q. LOOMIS.

The facts of the case are fully set out in the opinion.

FELLOWS & JOHN, for appellant.

JOHN T. HEFLIN, *contra.*

[No briefs came into the reporter's hands.]

PETERS, J.—Hugh Ferguson, the complainant in the court below, filed his bill for injunction against the city of Selma, on the 10th day of April, 1866, to prevent the abatement of a nuisance within the limits of said city.

The bill alleges that Selma was an incorporated city, in the county of Dallas in this State, and that its corporate authorities had declared certain tenements, on lot 62, in said city, which belonged to complainant, a nuisance, and had given the complainant notice, in writing, in the usual form, to remove said tenements within a certain time, or that the said city authorities would remove them at his expense. It is shown in the bill that the tenements were rented out at fair value, but they were not of any intrinsic value ; that they were neat, clean, and healthful, and recently well limed ; but it is not denied that they were a nuisance under the acts incorporating the said city of Selma, and were not such a nuisance as the corporate authorities of said city had a right to remove, or, if they should be improperly removed, that the city was unable to respond in damages for the injury occasioned by the improper removal, or that there was not a sufficient and adequate remedy at law. But it is alleged, that their removal would be an irreparable injury to complainant ; but in what particular, or how, or to what extent, does not appear. The answer of the said city of Selma, the defendant below, denies all the allegations of the bill in reference to the character of the tenements as a nuisance, and demurs to the bill for want of equity, and multifariousness.

The cause was submitted on the bill and answer, and proofs, and the chancellor dismissed the bill for want of equity ; and the complainant below appeals to this court, and assigns for error this decree of the chancellor.

It was a doctrine of the common law, that a nuisance could not be legalized, because it invaded the peace and safety of the people. *Salus populi suprema lex*—Broom's Max. 1, 2, marg.; 4 Hawk. P. C. 349. And it is settled by

this court, that the common law, as modified by statute and the spirit of our institutions, prevails in this State.—*Barlow v. Lambert*, 28 Ala. 704 ; *Carter et al. v. Balfour's Adm'r*, 19 Ala. 814. A public nuisance at common law signifies anything that worketh hurt, inconvenience or damage to the king's subjects.—1 Russ. Cr. 317, marg.; 3 Bla. Com. 216, marg. ; 2 Bouv. Law Dict. 248 ; 2 Burrill's Law Dict. 248 ; 1 Chit. Gen. Pr. 31, 383, 41, 413, 569, marg.

A portion of the fourteenth section of an act entitled " An act to amend the charter of the city of Selma," approved February 24th, 1860, is in these words : " That said city council shall have power to prevent and cause the removal of all nuisances within said city, such as all decayed and dilapidated houses or structures calculated to produce disease of any kind, or unfit for use or habitation, and things producing noxious smells in frequented parts of the city, and things producing unhealthy exhalations, and prejudicial to the health of the city, and things calculated seriously to impair the comfort and convenience of the inhabitants of the city."—Pamph. Acts, 1859–60, pp. 421, 430, § 14. There can be no doubt that this act clothes the corporate authorities of Selma with the amplest powers to protect the " health" and peace and " comfort " of its citizens. This authority the legislature may well confer upon them. And even without such special authority as its charter gives, these powers are incident to all incorporated towns and cities, as a means of discharging the duty to abate all nuisances, which hurt, inconvenience or damage its inhabitants, or any particular portion of them.—2 Hawk. P. C. 148 ; 4 *ib.* 344 ; *Ex parte Burnett*, 39 Ala. 461, 465.

Here the complainant's bill does not show, or pretend to show, except by implication, that the city of Selma was not acting within the line of its authority, when it declared his tenements a nuisance, and ordered their removal, or that such tenements, within the meaning of the section of the charter above quoted, were not a nuisance. If the act complained of is not unlawful, then the chancery court will not interpose to prevent it. The jurisdiction in chancery attaches where a party's right is illegally assailed, or threatened with an irreparable injury, and there is no sufficient

remedy at law, or that such remedy at law could not be exerted in time to prevent the injury threatened and apprehended.—*West v. Mayor of N. Y.*, 10 Paige's Ch. R. 539 ; *Snowden v. Noah*, Hopk. 231 ; *Steam Co. v. Livingston*, 3 Cow. 713 ; 2 John. Ch. R. 463 ; *Heeney v. St. Peter's Ch.*, 2 Edw. C. R. 608.

The proofs show that the tenements mentioned in the bill were two old and almost worthless houses, filthy and crowded with filthy tenants, and that they were injurious to the health and comfort of the neighborhood, and had been occupied by patients afflicted with the small-pox, and were in an improving and flourishing part of the city, and that the owner was able to repair and improve them, but failed to do so. There was no proof showing what the rent was worth, except by implication or conjecture. And the tenements had been condemned as a nuisance by the board of health of said city of Selma. There was some proof, on the part of complainant, that the houses had been cleaned and whitewashed when the witnesses examined them, but none that they might not still be injurious to the health and comfort of the people of the vicinity in which they were located.

It is, no doubt, a very serious and important duty of the corporate authorities of a city, in the latitude of Selma, to guard the health and comfort of its people, and we would interfere with very great hesitancy with the prudent discharge of this necessary duty. The present case does not show, either upon the pleadings or the proofs, such a case as would justify such an interference. The action of the chancellor in the court below is, therefore, approved.

Let the judgment and decree of the chancellor in the court below be affirmed, and the legal representative of appellant, now deceased, and his securities, will pay the costs in this court, and the court below.