(104 So. 429)

HIGGINS et al. v. BLOCH et al. (1 Div. 370.)

(Supreme Court of Alabama. May 21, 1925.)

1. Nuisance ⊜⇒4—Private nuisance enjoined when injuries are permanent, continuous, or constantly recurring.

Erection or continuance of private nuisance may be enjoined and abated by court of equity at instance of parties aggrieved, when injuries, inconveniences, or damages are permanent, continuous, or constantly recurring.

2. Nuisance ⊜⇒4—May be arrested before completion, where consequences will be irreparable and reasonably certain.

Where consequences of nuisance will be irreparable in damages, and are not merely possible but reasonably certain, court of equity may interfere to arrest nuisance before completion, under Code 1923, § 9273.

3. Nuisance ⊜⇒1—"Private nuisance" may injure person, property, or both.

Private nuisance may injure either person or property, or both, under Code 1923, § 9276.

4. Nuisance ⊜⇒3(7)—Business of funeral directors may become nuisance.

Business of funeral directors and undertakers, though lawful, as evidenced by Code 1923, §§ 688–695, establishing state board of embalming, and not a nuisance per se, may become a nuisance under Code 1923, §§ 9271, 9276, if it hurts, inconveniences, or damages another, or injures his person or property.

5. Nuisance ⊜⇒3(7)—"Inconvenience" caused by business of funeral directors must be such as would affect ordinary reasonable man.

To constitute a nuisance within Code 1923, §§ 9271, 9276, inconvenience caused by business of funeral directors and undertakers must not be fanciful or such as would affect only person of fastidious taste, but must be such as would affect ordinary reasonable men; "inconvenience" including disturbance and discomfort.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Inconvenience.]

6. Nuisance ⊜⇒3(1)—Lawful business may become nuisance in particular location.

Lawful business, not nuisance per se in one locality, may become such when erected and maintained in another locality, as particular location, management, and time of erection may determine question.

7. Appeal and error ⊜⇒917(1)—Facts averred in bill treated as true on appeal from decree overruling demurrers.

On appeal from decree overruling demurrers to bill, facts averred in latter must be treated as true.

8. Nuisance ⊜⇒3(7)—Undertaking establishment in residential district held nuisance.

Undertaking establishment in close proximity to homes in exclusive, popular, and long-established residential district of city, held nuisance, to prevent completion of which, with resulting continuous and constantly recurring injuries to property, and inconvenience, disturbance, and discomfort of ordinary reasonable persons in using their residences as homes, injunction will lie.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Bill in equity by Jacob D. Bloch and others against John R. Higgins and another, to prevent the erection or maintenance of a nuisance. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

Section 6 of the bill is as follows:

"Complainants show unto your honors: That at and from such establishments of undertakers and funeral directors, so carried on, a great many funerals for the dead are conducted; such services being of almost daily occurrence, and at which grief stricken relatives and friends are present, and, while present and going in and out, showing demonstrations and lamentations of grief. Services for the dead are conducted audibly with the usual solemnities; bodies of the dead are brought in day and night from hospitals, or from homes, or from apartment houses, for the purpose of being embalmed or disinfected, and returned to homes or shipped to other cities, and bodies of the dead, whose death resulted from accident, drowning, or manslaughter, are brought there for embalming, for identification to await instructions of relatives, or for burial therefrom, for inquests or post mortem examinations by the coroner or by other physicians. Bodies so brought to such establishments, are frequently of persons who have suffered death by drowning, and have been in the water for many days, or who have suffered death from other causes for days before discovery, and in which decomposition has set in, and there is a constant menace to the health of nearby residents from cases where death was caused by infectious or contagious diseases. Bodies so brought to such establishments are there kept for days, some for weeks, and others for months. The blood and effluvia emanating from corpses in process of preparation for embalming or for burial, and from which emanate foul odors, have to be handled and disposed of on such premises. Very offensive odors emanate from the corpses so handled on such premises, and spread or are blown to adjacent premises; the degree of offensiveness depending upon the length of time such persons have been dead and the length of time such corpse has been kept in such establishments. The offensive odors arising from

the use of disinfectants and deodorants spread or are blown to adjacent premises. In cases of certain deaths as to which notoriety is connected, as in cases of those legally executed, or who come to death by other forms of violence, crowds often come to such establishments from morbid curiosity and loiter around, or go in and out to view the corpse. When a corpse is in such establishment, bereaved relatives often by day and night give way to paroxysms of grief and lamentations that are plainly heard by those living near such establishments. There is a constant traffic in and about such establishments, day and night, from taking in, and bringing out, bodies of the dead, and handling of such bodies within by the undertakers, the holding of postmortem examinations and autopsies, and the moving to and from of ambulances, attendants, and relatives of the deceased, and there is an ever present and pervading feeling of the presence of death and nearness to the dead. All the things enumerated in this paragraph are being done constantly in, upon, and from such establishments, by day and by night; and nearby residents are forced to be aware thereof by the senses of seeing, hearing, and smelling.

"And complainants show unto your honors that the premises so to be used by respondents' agents and employees is so situated and in such close proximity to the respective residences of complainants and other nearby residents that they will inevitably be forced to be aware of all such acts and occurrences and the effects thereof through the senses of seeing, hearing, and smelling."

Smiths, Young, Leigh & Johnston, of Mobile, for appellants.

A demurrer is only an admission of material and relevant facts, not of inferences to be drawn therefrom. 31 Cyc. 333; Hester v. Thomson, 35 Wash. 119, 76 P. 734; Bowen v. Mauzy, 117 Ind. 258, 19 N. E. 529; Stone v. Oconomowoc, 71 Wis. 155, 36 N. W. 829; Beatty v. Smith, 14 S. D. 24, 84 N. W. 208; High on Inj. (4th Ed.) § 34. The business of an undertaker is not a nuisance per se. Westcott v. Middleton, 43 N. J. Eq. 478, 11 A. 490; Bellevue Cemetery Co. v. McEvers, 168 Ala. 542, 53 So. 272; Rea v. Tacoma, 103 Wash. 429, 174 P. 961, 1 A. L. R. 541. In order to warrant an injunction, it must appear that the operation of the business will necessarily be a nuisance. 29 Cyc. 1223; Rouse v. Martin, 75 Ala. 513, 51 Am. Rep. 463; St. James' Church v. Arrington, 36 Ala. 546, 76 Am. Dec. 332; Ogletree v. McQuaggs, 67 Ala. 584, 42 Am. Rep. 112; Kingsbury v. Flowers, 65 Ala. 479, 39 Am. Rep. 14; Dalton v. C., C., C. & St. L., 144 Ind. 121, 43 N. E. 130; Winsor v. Hanson, 40 Wash. 423, 82 P. 710; King v. Hamill, 97 Md. 103, 54 A. 625; Hemsley v. Bew, 53 N. J. Eq. 241, 31 A. 210; High on Inj, supra; Brown v. Rea, 150 Cal. 171, 88 P. 713; O'Reilly v. Perkins, 22 R.. I. 364, 48 A. 6. Consideration must be given to the effect of an alleged nuisance upon persons of ordinary sensibilities, and the annoyance or discomfort caused must be to the extent of materially interfering with the ordinary comfort of home existence, to justify its abatement. First Ave. C. & L. Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L. R. A. (N. S.) 522; Jones v. Adler, 183 Ala. 442, 62 So. 777; Dean v. Powell Undertaking Co., 55 Cal. App. 545, 203 P. 1017.

Gaillard, Mahorner & Arnold, of Mobile, for appellees.

The business as alleged to be conducted and intended to be conducted by respondents (admitted by the demurrer) is a nuisance to complainants. Code 1923, §§ 9271, 9276; Rowland v. Miller, 139 N. Y. 93, 34 N. E. 765, 22 L. R. A. 182; Densmore v. Evergreen Camp, 61 Wash. 230, 112 P. 255, 31 L. R. A. (N. S.) 608, Ann. Cas. 1912B, 1206; Everett v. Paschall, 61 Wash. 47, 111 P. 879, 31 L. R. A. (N. S.) 827, Ann. Cas. 1912B, 1128; Goodrich v. Starrett, 108 Wash. 437, 184 P. 220; City of St. Paul v. Kessler, 146 Minn. 124, 178 N. W. 171; Meagher v. Kessler, 147 Minn. 182, 179 N. W. 732; Saier v. Joy. 198 Mich. 295, 164 N. W. 507, L. R. A. 1918A, 825; Cunningham v. Miller, 178 Wis. 220, 189 N. W. 531, 23 A. L. R. 739; Beisel v. Crosby, 104 Neb. 643, 178 N. W. 272; Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A. L. R. 955; Brewster v. City of Forney (Tex. Com. App.) 223 S. W. 175; Harris v. Randolph, 175 Ala. 148, 57 So. 453; Barnes v. Hathorn, 54 Me. 124. The court of equity has jurisdiction to enjoin the erection or continuance of such a threatened nuisance as that shown by the bill. Nininger v. Norwood, 72 Ala. 277, 47 Am. Rep. 412; City of Selma v. Jones, 202 Ala. 82, 79 So. 476, L. R. A. 1918F., 1020; Hundley v. Harrison, 123 Ala. 292, 26 So. 294; English v. P. E. L. & M. Co., 95 Ala. 264, 10 So. 134; First Nat. Bank v. Tyson, 133 Ala. 460, 32 So. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46; Code 1923, § 9273; Deaconess Home v. Bontjes, 207 Ill. 553, 69 N. E. 748, 64 L. R. A. 215. A nuisance per se is one which is always a nuisance in certain localities. City of New Orleans v. Lenfant, 126 La. 455, 52 So. 575, 29 L. R. A. (N. S.) 642; Appeal of Huckenstein, 70 Pa. 102, 10 Am. Rep. 669; Gose v. Coryell, 59 Tex. Civ. App. 504, 126 S. W. 1164; Barth v. Christian Hosp. Asso., 196 Mich. 642, 163 N. W. 62; Kennedy v. Frechette, 45 R. I. 399, 123 A. 146.

MILLER, J. This is a bill in equity by Jacob D. Bloch and others against John R. Higgins and Harry Courtney, individually and as partners under the name of Higgins & Courtney. The bill seeks a permanent injunction against respondents, preventing them from erecting or maintaining or continuing the business of undertakers and funeral directors at a certain place described in the complaint, on the ground it is or will be a continuing nuisance to each of them and others, and to their homes, on account of its

close proximity to their residences, and on account of the manner in which such business is intended to be carried on at this place by the respondents.

The respondents demurred to the bill of complaint, which demurrers were by decree of the court overruled, and respondents prosecute this appeal from that decree, and it is the error assigned.

[1-3] The erection or continuance of a private nuisance may be enjoined and abated by a court of equity at the instance of the party or parties aggrieved when the injuries or inconveniences or damages in their nature are permanent or continuous or constantly recurring. City of Selma v. Jones, 202 Ala. 82, 79 So. 476, L. R. A. 1918F, 1020; Nininger v. Norwood, 72 Ala. 277, 47 Am. Rep. 412. And where the consequences of a nuisance about to be erected or commenced will be irreparable in damages, and such consequences are not merely possible but to a reasonable degree certain, a court of equity may interfere to arrest the nuisance before it is completed. Section 9273, Code 1923. A private nuisance may injure either the person or property, or both. Section 9276, Code 1923.

The appellants insist their demurrers raising these propositions on the bill of complaint should have been sustained—(1) the undertaking business is not a nuisance per se; (2) that the sensitive nature of complainants was not sufficient ground for an injunction, that consideration should be given to the effect of the undertaking business upon persons of ordinary sensibilities; and (3) the bill does not allege the business was being conducted or managed or would be conducted or managed in such manner as would constitute it a nuisance.

[4] The business of funeral directors and undertakers is lawful in its nature and necessary for the welfare of society. Some of the objects of this business are to embalm, care for, and dispose of dead human bodies as averred in the complaint. There is established by statute a state board of embalming, with authority to issue license to a person to practice the science of embalming and the care and disposition of the dead when the requirements of the statutes are complied with by the applicant. Sections 688-695, Code 1923.

[5] It is true the business of funeral directors and undertakers is lawful and not a nuisance per se, but it may become a nuisance if it hurts, inconveniences, or damages another or injures his person or his property. Sections 9271 and 9276, Code 1923, and authorities supra. The inconvenience caused by it must not be fanciful or such as would affect only a person of a fastidious taste. It should be such as would affect an ordinary, reasonable man. Inconvenience, as here used, includes to disturb and to discomfort, as defined by Mr. Webster. Sections 9271 and

9276, Code 1923; City of Selma v. Jones, 202 Ala. 82, 79 So. 476, L. R. A. 1918F, 1020.

[6] A business, lawful in its nature, and not a nuisance per se in one locality, may become or be a nuisance per se when erected and maintained in certain other localities. The particular location of the business and its management and the time of its erection may determine whether it is or not a nuisance per se. English v. P. E. L. & M. Co., 95 Ala. 267, 10 So. 134; Harris v. Randolph Lumber Co., 175 Ala. 148, 57 So. 453; Cemetery Co. v. McEvers, 168 Ala. 535, 53 So. 272.

[7] This cause is here on demurrer to the bill of complaint, and the facts averred therein must be treated as true by us. City of Selma v. Jones, 202 Ala. 82 headnote 7, as it appears on page 84, 79 So. 476, L. R. A. 1918F, 1020.

[8] On November 1, 1924, the respondents purchased the Leinkauf lot and brick residence thereon, located on the north side of Government street and on the corner of Government and Scotts streets, in the city of Mobile. This lot and brick dwelling thereon has been used prior to its sale to respondents for many decades as a place of residence. It is clear and evident from the averments of the bill that respondents intend to and are preparing to convert this dwelling into an undertaking establishment "for the purpose of carrying on the general business of undertakers and funeral directors, the same as is generally carried on in the city of Mobile, and have declared their fixed purpose of carrying out their said intentions at once." Section 6 of the bill of complaint alleges the manner in which the business of undertakers "is generally carried on in the city of Mobile," which section 6 appears in full in the report of this case. Complainants notified respondents that this business so to be conducted would constitute a nuisance in that locality and would be a hurt, inconvenience, and damage to complainants and to their property, and they would resist placing and carrying on this business there; and they aver that respondents have since "begun and are carrying on work upon the property to convert the improvements thereon from a place of residence to an undertaker's establishment as aforesaid, for the purposes hereinbefore set forth."

This lot joins the residence lot of complainant Bloch, and is about 3 feet from his residence. The brick building on the lot to be used for this business is less than 10 feet from his residence on the adjoining lot. Bloch and his family have occupied this residence as their home continuously for over a score of years. The residences of the other complaints are on lots across Government street from the Leinkauf lot and residence. They are now using these residences on their respective lots as homes, and have occupied them as such continuously—one for 15, an-

other for 20 and the other for 30 years. It appears from the bill that part of Government street, west of Clairborne street, is and has been for more than half a century the principal residence street of the city, and that part thereof, including the respective residences of complainants and the Leinkauf residence of respondents, was more than 50 years ago built up as an exclusive residence district, and it is now so occupied, and it is in the heart of the most popular part of the city.

The home is a place for comfort and repose, where one can eat and sleep and spend the leisure hours with his family free from business cares and anxieties. A citizen has a right to be protected in his home and in his right to the enjoyment of it. Death is an enemy of human life. "The last enemy that shall be destroyed is death." 1 Cor. xv: 26. To see its effect is depressing to the ordinary, reasonable person. To see almost daily the hearse carrying in and taking dead bodies from this Leinkauf residence, to know the bodies were there being embalmed, disinfected from disease, probably contagious in its nature, to hear the singing of funeral hymns and psalms in the chapel of this residence, and to see the relatives and friends of the dead and hear their mourning, would have a depressing effect on the mind of a normal person, would continually remind complainants of mortality, would deprive them and their respective homes of the comfort, repose, and pleasure to which they as owners are each entitled, and it would have a tendency to weaken their physical resistance and render them more susceptible, probably, to disease from the dead bodies therein if they were infected with contagious diseases. Densmore v. Evergreen Camp, 61 Wash. 230, 112 P. 255, 31 L. R. A. (N. S.) 608, Ann. Cas. 1912B, 1206; Howland v. Miller, 139 N. Y. 93, 34 N. E. 766, 122 L. R. A. 182.

As was well said in Saier v. Joy, 198 Mich. 295, 164 N. W. 507, L. R. A. 1918A, 825:

"The question here is not the restraining of defendants' business [undertaker] but the restraint of its intrusion into a long-established and strictly residential district."

And this court, in Harris v. Randolph Lumber Co., 175 Ala. 156, 57 So. 455, in discussing the sufficiency of a count for damages for maintaining an alleged nuisance, a planing mill, said:

"And in this regard the allegation of the complaint that the mill of the defendant was erected in a then already residential district would be a material if not decisive consideration."

The respondents intend and propose, and are now carrying on the work, to establish and maintain the business of undertakers and funeral directors in Mobile, as is generally carried on in that city, and as is particularly described in the complaint, in a place exclusively used as a residential district. They are intruders by that business in that residential district. For more than 50 years, where respondents are locating their business, it has been and is now used for homes, and it is in the very heart of the most popular residence part of the city. It is in close proximity to, only a few feet from, the residences owned and occupied as homes for years by the complainants.

In Beisel v. Crosby, 104 Neb. 643, 178 N. W. 272, we find the following headnote, which is sustained by the opinion of the court:

"Where an undertaker purchases and uses for a funeral home in a city a dwelling house situated within a few feet of private dwellings in an exclusive residential district, in disregard to timely protests by residents thereof, and thus encroaches on the repose, the comfort, and the freedom of their homes, depreciates the value of their property, depresses their spirits, and weakens their power to resist disease, injunction is their proper remedy, but the allowance of the writ depends upon the facts and the circumstances."

We find and are cited to no fixed, arbitrary rule controlling or governing cases of this kind, and each cause must rest and be determined on the facts and circumstances alleged and proved.

Under the facts averred in this cause, which are admitted under demurrer, we must and do hold the business proposed to be established by respondents at this place, in close proximity to the homes of complainants, which is in an exclusive, popular, and long-established residential district, and the manner in which the business is to be maintained and carried on there, will make it a nuisance. It will injure the value of the property of complainants as homes. It will inconvenience, disturb, and discomfort complainants, or any ordinary, reasonable man, in using and occupying their respective residences as homes. These injuries and inconveniences will be in their nature continuous or constantly recurring. Hence injunction is a proper remedy for complainants to seek. Authorities supra.

The trial court did not err in overruling the demurrers of respondents to the bill of complaint.

The decree is free from error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.