51 So.2d 371

McCLUNG et al. v. LOUISVILLE & N. R. CO. et al.

6 Div. 90.

Supreme Court of Alabama.

March 15, 1951.

Jackson, Rives & Pettus, Birmingham, for appellants.

Chas. H. Eyster, Decatur, Gibson & Gibson and Thos. F. McDowell, Birmingham, for appellees.

FOSTER, Justice.

This is an appeal from a final decree denying relief to complainants and dismissing their bill. The bill sought an abatement of certain operations which are claimed to constitute a nuisance. Complainants, appellants here, have homes situated on Lanark Road in Birmingham, on the southern slope of Red Mountain overlooking English Village, also called Hedona.

About fifty years before complainants filed their bill, the Louisville and Nashville Railroad Company, a respondent here, constructed a branch line from its main line to Boyles. There were several ore mines then in operation near the crest of Red Mountain on its southern slope. Later the ore mine operations were discontinued and trackage beyond Hedona to the west was removed. At Hedona the railroad company had a main track, a team track, and a spur track which extended over to the bins owned by the C. G. Kershaw Contracting Company. The bins and spur had been used for about fifteen years before the suit was begun.

As to appellee railroad company, appellants claim that the nuisance was to residents on Lanark Road which overlooks Hedona. This section was and is a high class residential area as shown by the exhibits. Complainants' homes are on that road. It is alleged that coal dust in large quantities is caused to arise from loading coal cars on the team track from trucks for shipment, which dust and the smoke from locomotives are blown into their homes causing great damage. Complainants claim that the coal dust is caused by transferring the coal from trucks to the coal cars by hand shovels, and that no attempt has been made to minimize the dust by sprinkling, oiling or washing the coal, or using some other loading place not in a residential section. It is alleged that the coal dust is blown into their residences in large quantities and on frequent occasions to such extent as to prevent the enjoyment of their homes. The homes of complainants were purchased in 1936, 1938 and 1943, at a time when there was very little use of this railroad, with none of the acts now causing the alleged nuisance. During and subsequent to the War there has been considerable increase in the use of this railroad on that line and at that loading point. The suit was filed September 1946. There has been no acquiescence in the alleged nuisance. Section 1088, Title 7, Code.

It is claimed that the C. G. Kershaw Contracting Company created a nuisance in unloading metal sand cars into their sand bins by beating on the sides of the cars with heavy tools to loosen the sand from the cars so as to flow freely by gravity into the bins. This beating of the metal sand cars was of frequent occurrence, sometimes early in the morning, creating loud noises: all of which was disturbing to appellants and other residents of Lanark Road. The evidence shows that a rubber mallet, or perhaps a wooden tool or a scrape, could be used without producing so much noise. See, Strough v. Ideal Supplies Co., 300 Ky. 34, 187 S.W.2d 839.

As to respondent Koppers, complaint is made of odors, fumes and loud noises from the heating and distributing of the contents of tank tar cars belonging to them, which were heated and the contents distributed by motor equipment at Hedona. The effect was to disturb the residents of Lanark Road because of the motors running night an day, creating noise, odors and fumes which permeated the homes of appellants and other residents of Lanark Road. Evidence of such matters was given by many other residents who are not parties, but apparently well wishers.

■ In fact the evidence amply shows the dust, smoke, soot, heat, inconvenience and damage done to the complainants, and others not suing; that such inconvenience is not fanciful nor such as would affect only one of a fastidious taste, but is such as would affect an ordinary reasonable man. It is therefore a nuisance as defined by section 1081, Title 7, Code.

But before such nuisance will be enjoined everything should be viewed in respect to both parties to the issue. "If one so lives in a shop district of a city, he ought not to complain that a shop is carried on in the next door to him, if it is done in a proper manner; but if he selects as his home the residence district of such town, and builds his house there, then he would have a right to complain, if a third party should establish and carry on a shop or plant next door to him, which

annoyed his family and disturbed the quietude and pleasure of his home by excessive noise, offensive odors, dust, etc." First Avenue Coal & Lumber Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L.R.A., N.S., 522; Alabama Power Co. v. Stringfellow, 228 Ala. 422, 153 So. 629; Beam v. Birmingham Slag Co., 243 Ala. 313, 10 So.2d 162.

■ We think the evidence justifies an injunction against the C. G. Kershaw Contracting Company restraining it from so operating and conducting its business at Hedona or English Village of unloading sand and gravel and other material from cars into bins by beating and pounding on the cars so as to make loud and disturbing noises, obnoxious to the residents in that area. However, we do not think the evidence justifies an injunction against the Homewood Lumber Company and the Homewood Paint and Hardware Company.

■ We also think an injunction would be proper against Koppers Company restraining them from causing to be emitted odors and fumes accompanied with loud noises, occasioned by the operation of heating and distributing the contents of tank tar cars at Hedona. While it appears that this has not been done recently, it also appears that the reason for not doing so is because of an absence of demand for the product.

■ In respect to the Louisville and Nashville Railroad Company and the emission by it of smoke and sparks from locomotives and similar annoyances, we find the law to be that when the operation by the railroad is pursuant to lawful authority, such railroads are treated as public highways and the proprietors as public servants. "Any diminution of the value of property not directly invaded nor peculiarly affected, but sharing in the common burden of incidental damages arising from the legalized nuisance, is held not to be a 'taking' within the constitutional provision. The immunity is limited to such damages as naturally and unavoidably result from the proper conduct of the road and are shared generally by property owners whose lands lie

within range of the inconveniences necessarily incident to proximity to a railroad. It includes the noises and vibrations incident to running of trains, the necessary emission of smoke and sparks from the locomotives, and similar annoyances inseparable from the normal and non-negligent operation of a railroad." Richards v. Washington Terminal Co., 233 U.S. 546, 34 S.Ct. 654, 657, 58 L.Ed. 1088. Compare, Hamilton v. Alabama Power Co., 195 Ala. 438, 70 So. 737; Meharg v. Alabama Power Co., 201 Ala. 555, 78 So. 909; Burnett v. Alabama Power Co., 199 Ala. 337, 74 So. 459.

As we view the situation, the foregoing principle is directly applicable. The railroad company was operating by lawful authority, and there is no evidence that the noises and vibrations caused by running the train together with the smoke and sparks emitted have been other than from the normal and non-negligent operation of its facilities.

It is true that at the time complainants purchased their property this railroad was not used for any commercial purpose, but it had been so used in the past. It was located at the same place and the reason why it had not been used was lack of patronage. When the development of the region called for transportation of material by railroad, this line came into active operation again. While the purchasers of the property near Hedona may not have anticipated such reactivation, they assumed the risk knowing of its possibility. We do not see, therefore, where there has been any conduct on the part of the railroad company in the matter of causing noises and emitting smoke in its operations which is unlawful as defined in Richards v. Washington Terminal Co., supra.

We also observe that in the determination of that question, the court in the Richards case gave due consideration to the Fifth Amendment to the Federal Constitution, which prohibits the taking of property for public use without just compensation. Sections 23 and 235 of the Alabama Constitution are to the same effect. Section 235 extends also to injuries where a taking has not been effected. But such injuries referred to in section 235, when there is no taking, must be caused by the construction or enlargement of the works of the corporation which is charged with causing the injury or by its negligence.

It is well settled in this State that the lawfully authorized and carefully conducted operation of a business cannot be an abatable nuisance, Branyon v. Kirk, 238 Ala. 321 (21), 191 So. 345, unless it takes property without just compensation, as emphasized in the Richards case, supra. Applying the principle here, as in that case, the operations being lawful, negligence must be shown. We do not see where negligence is shown by the railroad company in causing the damage to the adjoining property owners and, therefore, the injunction as to the railroad company was properly denied.

With respect to the operations of Adams, Rowe and Norman, Inc., Milton E. Huddleston, Jim Henderson and J. D. Smart, the evidence shows that Adams, Rowe and Norman are coal dealers and have caused a large amount of coal to be loaded at Hedona by Milton E. Huddleston, Jim Henderson and J. D. Smart. These parties haul coal from the mines to be loaded at Hedona to be shipped to Adams, Rowe and Norman. In loading coal from trucks onto the coal cars, the trucks are run on a ramp near the cars, where the coal is pitched by hand shovels from the trucks to the coal cars. The coal is usually dry and has considerable dust which is blown into the area and causes much annoyance and inconvenience to the residents there. The truck owners who did the hauling were either independent contractors or sellers of the coal loaded on the cars and were paid on that basis. So that Adams, Rowe and Norman, were not responsible for the manner in which that service was performed. From that situation, it would appear that Adams, Rowe and Norman are not subject to be enjoined in connection with the manner in which the coal was loaded from the trucks onto the cars. But we see no reason why

an injunction should not be issued against the coal haulers, Milton E. Huddleston, Jim Henderson and J. D. Smart, enjoining them from loading the coal onto the railroad cars from trucks in such way as to create the dust complained of. It is shown from the evidence that this can be done by sprinkling the coal with water before being transferred to the cars. Therefore, the decree of the lower court refusing to enjoin Adams, Rowe and Norman is affirmed. But an injunction must issue against Milton E. Huddleston, Jim Henderson and J. D. Smart, as indicated above. Although Milton E. Huddleston is not now engaged in this business at Hedona, he has been so engaged since this suit was begun and presumably nothing but an injunction will stop him from doing so again upon sufficient inducement.

The decree of the circuit court, in equity, is affirmed in so far as it refused an injunction against the Louisville and Nashville Railroad Company, Homewood Lumber Company, Homewood Paint and Hardware Company, and Adams, Rowe and Norman, Inc.; but we think a permanent injunction should issue enjoining C. G. Kershaw Contracting Company from so operating and conducting its business at Hedona or English Village of unloading sand and gravel and other material from cars into bins by beating and pounding on the cars so as to make loud and disturbing noises, obnoxious to the residents in the area. We think the Koppers Company, Inc., should likewise be enjoined from causing to be emitted odors and fumes, accompanied with loud noises, occasioned by the operation of heating and distributing the contents of tank tar cars at Hedona. And that Milton E. Huddleston, Jim Henderson and J. D. Smart should be enjoined from loading coal onto railroad cars from trucks at Hedona in such way as to create an excessive discharge of dust in that area. The decree is reversed to that extent and one is here rendered enjoining C. G. Kershaw Contracting Company, Inc., Koppers Company, Inc., Milton E. Huddleston, Jim Henderson and J. D. Smart, as above indicated.

The costs of this cause are taxed one-fourth against C. G. Kershaw Contracting Company, one-fourth against the Koppers Company, and one-half against the appellants.

Affirmed in part and in part reversed and rendered.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.