636 So.2d 430 (1994)
LOWER COMMERCE INSURANCE, INC., and Bolling P. Starke and State Department of Conservation and Natural Resources
v.
Mary Ann HALLIDAY.
AV93000288.
Court of Civil Appeals of Alabama.
February 4, 1994.
On Application for Rehearing March 18, 1994.
Marion A. Quina, Jr. and William E. Shreve, Jr. of Lyons, Pipes & Cook, P.C., Mobile, for appellants Lower Commerce Ins., Inc. and Bolling P. Starke.
*431 William A. Gunter, Deputy Atty. Gen., for appellant State Dept. of Conservation and Natural Resources ex rel. James H. Evans, Atty. Gen.
Norborne C. Stone, Jr. of Stone, Granade, Crosby & Blackburn, P.C., Bay Minette, for appellee Mary Ann Halliday.
RICHARD L. HOLMES, Retired Appellate Judge.
This is a public nuisance case.
Mary Ann Halliday filed a complaint against Lower Commerce Insurance, Inc., and Bolling P. Starke (hereinafter collectively referred to as Starke). The complaint sought to enjoin the construction of a pier and boathouse by Starke in Palmetto Creek, a navigable body of water located in Baldwin County, Alabama. The complaint alleged that the pier and boathouse would be a public nuisance because it "will deny [Halliday] and others the use and enjoyment of Palmetto Creek, to which she and they are legally entitled."
The case was tried without a jury. The trial court entered an order, in which it enjoined Starke from continuing with the construction of the pier and boathouse, and further ordered Starke to remove the pier and boathouse in its entirety. In its order the trial court found that "[Starke's] pier and boathouse interfere with [Halliday's] and the public's right of access to Palmetto Creek."
We note that Starke had obtained a lease from the State Department of Conservation and Natural Resources (Department) for the bottom lands of Palmetto Creek and also had obtained a permit from the Corps of Engineers to construct a pier and boathouse in navigable water. In its order, the trial court found that Starke had no standing to apply for either the lease or the permit. The trial court further stated in its order that Starke had gained nothing by the issuance of the permit and that the lease was "void and of no force and effect," and it granted Starke no right to construct the pier and boathouse.
The Department filed a motion to intervene, which was granted prospectively.
Starke and the Department appeal. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6). We reverse and remand.
The dispositive issue is whether Halliday had standing to maintain a suit to enjoin the construction of the pier and boathouse, based upon the allegation that it was a public nuisance.
"Nuisance" is defined in Ala.Code 1975, § 6-5-120, as follows:
"A `nuisance' is anything that works hurt, inconvenience or damage to another. The fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man."
The distinction between a public nuisance and a private nuisance is set out in Ala.Code 1975, § 6-5-121, as follows:
"Nuisances are either public or private. A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or a few individuals. Generally, a public nuisance gives no right of action to any individual, but must be abated by a process instituted in the name of the state. A private nuisance gives a right of action to the person injured."
(Emphasis added.)
In order for an individual to maintain an action to enjoin a public nuisance, the individual must have sustained a "special injury" which is different in degree and kind from the injury suffered by the public at large. City of Birmingham v. City of Fairfield, 375 So.2d 438 (Ala.1979); Strickland v. Lambert, 268 Ala. 580, 109 So.2d 664 (1959). The individual has the burden to allege and to show this special injury. Ayers v. Stidham, 260 Ala. 390, 71 So.2d 95 (1954).
Our review of the record reveals the following: Halliday and Starke are adjoining landowners. Palmetto Creek lies to the north of the property owned by Halliday and *432 Starke. Magnolia Street lies between their properties and the creek.
Halliday has maintained a summer vacation home at this location for 23 years. Starke acquired the adjoining property in 1988 from M.W. Stuart III and Eva S. Stuart, and this property has no improvements on it. The Stuarts maintained a pier in Palmetto Creek for over 20 years, in approximately the same location as the contested pier and boathouse. In fact, Halliday testified that she used this pier with the permission of the Stuarts.
Halliday's testimony revealed that she constructed a pier in Palmetto Creek in or around 1990. The evidence reveals that she also constructed a boat launching ramp from Magnolia Street into the creek. We note that both the Halliday pier and boat launching ramp and the Starke pier and boathouse are located on state property.
Halliday testified that she had no objection to the pier but to the boathouse being constructed by Starke. She stated that it was not because her view is obstructed and that it had nothing to do with the appearance of the boathouse, but she objected to the construction of the boathouse because she did not believe that one person has that much right to state property. She further testified that, although it was not in front of her property, it would interfere with the use and enjoyment of her property because her family has always used that area for boating and swimming and Starke's pier and boathouse would limit her family's access to the water.
In other words, Halliday's "injury," if there be one, is of a kind and nature no different from any other person's "injury."
After considering the above testimony and reviewing the entire record, this court is of the opinion that Halliday has failed to allege and prove a special injury that is different in degree and kind from that suffered by the public at large. Consequently, she did not meet her burden to show that she has standing as an individual to maintain an action to enjoin a public nuisance.
In view of the above, other issues and considerations raised by the parties in their excellent briefs need not be addressed.
In view of the above, we reverse the judgment and remand this case with instructions to enter an order not inconsistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.

On Application for Rehearing
RICHARD L. HOLMES, Retired Appellate Judge.
On application for rehearing, Halliday, through able and distinguished counsel, contends that this court has ignored the rationale of two cases decided by our supreme court. We disagree.
Hall v. Polk, 363 So.2d 300 (Ala.1978), and Holz v. Lyles, 287 Ala. 280, 251 So.2d 583 (1971), are two cases which were decided by our supreme court. In both cases landowners were attempting to prevent the obstruction of a public road by other landowners. It was alleged that if the obstruction of the public road was allowed, it would prevent the landowners from having convenient access to navigable waters. The court stated that it was well settled that an owner of land which abuts a public road has suffered a special injury if an obstruction of the road forces him into a circuitous route to the outside world or denies him convenient access to a waterway.
The evidence in both cases revealed that the public road was the only direct, convenient access from the landowners' properties to the navigable waters and that without access by this public road, the landowners would be required to take a more circuitous route to reach the navigable waters. The court noted in both cases that this convenient access offered the landowners a valuable *433 right as landowners because their properties were in close proximity to the navigable waters. In both cases the court found that a special injury existed, which was different from that of the general public, because of the geographical proximity of the landowners' properties to the navigable waters.
However, both cases can be distinguished from the facts of the present case. Halliday does not allege that the pier and boathouse being constructed by Starke obstruct Magnolia Street in any manner. As previously noted, she testified that this pier and boathouse are not located directly in front of her property. There are no allegations that Halliday is required to take a more circuitous route to reach Palmetto Creek because of Starke's construction of the pier and boathouse. Any inconvenience which might be experienced by Halliday is no different in kind than that which might be suffered by the general public.
We would note that, as previously mentioned, Halliday's objection is not to the pier itself but to the boathouse. However, she admitted that her view is not obstructed by the boathouse and that her objection has nothing to do with the appearance of the boathouse. She stated that she objected to the construction of the boathouse because she did not believe that one person has that much right to state property. We see no injury different in kind from that which might be suffered by the general public.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.