# 1st Avenue Coal & Lumber Co. v. Johnson.

## Bill to Abate Nuisance.

(Decided Feb. 2, 1911.  54 South. 598.)

1. *Nuisances; Place of Business; Legislative Authority.*—While the legislature has the power to declare certain property or certain kinds of business a nuisance, such power must be exercised reasonably and within the limits of the constitutional guaranty that a citizen shall not be unreasonably or arbitrarily deprived of his property, or without due process of law.

2. *Same; What Constitutes.*—The legislature may not, under guise of police regulation, by mere enactment make that a nuisance which is not so in fact or vice versa.

3. *Same; Regulation; Liability for Damages.*—While the legislature may exempt persons maintaining a nuisance from liability to the state, it cannot exempt them from liability to individuals whose property or health is destroyed thereby.

4. *Same; Public and Private.*—A nuisance may be at the same time both public and private nuisance, and if injury accrues to a private individual, different in kind and degree from that suffered

[1st Avenue Coal & Lumber Co. v. Johnson.]

by the public generally as the result of a public nuisance which is continuous in its character, such individual is entitled to sue to abate the same.

6. *Same; Nature of Business; How Determined.*—In determining whether the maintenance of a planing mill, coal-yard and bin in a residence district constitute a nuisance, the effect on persons of ordinary sensibilities only, and not on persons of very delicate and fastidious tastes or sensibilities, should be considered.

7. *Same.*—Where a planing mill with coal-yard and bin is maintained in a residence portion of the city so near to a person's residence as to render the habitation thereof undesirable, unpleasant and burdensome by the great noise, vibration and dust caused by the plant, thus disturbing the comfort and rest of persons residing nearby, it constitutes a nuisance.

8. *Equity; Bill; Sufficiency.*—In passing on a demurrer to a bill seeking an injunction, the facts made by the bill must be taken as true.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by T. F. Johnson against the 1st Avenue Coal & Lumber Company, for an injunction to abate a nuisance alleged to be continuous in its character. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

GASTON & PETTUS, for appellant. Under section 5193 and section 5196, Code 1907, the nuisance complained of was a public nuisance, and the effort to abate is must be made in the name of the state.—Joyce on Nuisances, § 32. An injunction will not be granted to abate a nuisance if the industry is a lawful one, and there is any doubt of complainant's right htereto.—Joyce on Nuisances, sec. 88. As to what is, and the test for, see.—Joyce on Nuisances, secs. 93, 96, 162, 182-3. As to the jurisdiction of equity to restrain a public nuisance at the suit of an individual, see—Wood on Nuisances, sec. 820; Pom. Eq. sec. 1347-9. The facts made by the bill are insufficient to measure up to the rule.— *Bolling v. Cook,* 104 Ala. 130; *H. A. & B. R. R. Co v. Matthews,* 99 Ala. 24.

THOMPSON & THOMPSON, for appellee.   No brief reached the Reporter.

MAYFIELD, J.—The bill was filed to abate an alleged nuisance.   The nuisance is alleged to consist in the maintenance of a planing mill and a coalyard and bins in the town of Woodlawn, now a part of Greater Birmingham, Ala., in a residence portion of said town or city, and so near to the residence of complainant as to render the habitation thereof undesirable, unpleasant, and burdensome by reason of the great noise, vibrations, and dust caused by and attending the operation of these plants.   The location of the plants is alleged to be just across the street from, and in front of, plaintiff's residence.   It is also alleged that by the creation and emission of this coal dust, and these unusual noises and vibrations, in the operation of these plants, so located, complainant's family, his wife and daughters, are disturbed and made nervous and sick and sore, and caused to lose the comfort and rest of their home, which they would enjoy but for the alleged nuisance.   The bill further alleges that the value of complainant's home is thus being destroyed, to his great damage in the sum of $5,000, by the maintenance of this nuisance; that these plants are the only industrial ones erected or operated in the immediate vicinity of this residence portion of the town or city, and that they were so located after complainant had built his residence at a great cost, to wit, $4,000 or more.

It is within legislative competency to declare certain property, or a certain place or business, a nuisance; that is, to enlarge the common-law category of nuisances.   But this power, like most others, has its limitations.   The exercise of this police power is an attribute of sovereignity.   In the exercise of this authority the Legislature may

[1st Avenue Coal & Lumber Co. v. Johnson.]

regulate persons and property in all matters relating
to the public healh, the public morals, and the public
safety; but always, of course, within the provisions of
the Constitution.  As a rule, whatever is contrary to
public policy, or inimical to the public interests, is sub-
ject to the public power of the state.  All the particular
subjects to which this power may be applied have not
been and hence cannot be certainly defined.  It has been
well said that this police power of the state or sovereign
is the right of self-preservation and self-protection; and
that it is to the state as it is to the individual, the first
and natural right.  The state's power in this respect,
however, is limited and confined by the constitutional
provision that the citizens shall not thereby unreason-
ably, arbitrarily, or without due process of law, be de-
prived of his life, liberty, or property.  The constitu-
tional right of the citizen cannot be abridged or destroy-
ed under the guise of police regulations. The Legisla-
ture, therefore, cannot, by its mere ipse dixit, make that
a nuisance which is not in fact or in truth a nuisance,
or akin thereto.  That which has none of the elements
or characeristics of a nuisance, that has no capacity or
tendency to injure the public health the public morals,
the public safety, or the public interest, cannot be made
a nuisance by the Legislature, under the guise of a police
regulation declaring it such.—*State v. Chicago Ry. Co.*,
68 Minn. 381. 71 N. W. 400, 38 L. R. A. 672, 64 Am. St.
Rep. 482; *State v. Coodwill*, 33 W. Va. 179, 10 S. E.
285, 6 L. R. A. 621, 25 Am. St. Rep. 863; *Stehmeyer v.
City Council*, 53 S. C. 259, 31 S. E. 322; *State v. Julow*,
129 Mo. 163, 31 S. W. 781, 29 L. R. A. 257, 50 Am. St.
Rep. 443.  Neither can the Legislature make that not a
nuisance which is per se such by merely saying that it
is not or by attempting to legalize it, or to authorize the
carrying on of the same, to the extent or to the end of

exempting those persons so carrying it on from all lia-
bility for the consquences of that which is per se wrong
and inimical to the public interests, or to the public
good, the public morals, or the public health.

The Legislature, in such cases, might exempt those
who carry on such a business from liability to the state,
but not from that to individuals whose property or
health was destroyed or injured in consequence of such
per se wrong. This might be done under the laws of
England, but not under the laws of America. See *Gold-
smith v. Tunbridge Wells Imp. Co.,* as reported in 16
Eng. Rul. Cas., 586-628, and *Metropolitan Co. v. Hill,*
16 Eng. Rul. Cas., 556-586, including notes thereto.

The Bills of Rights, or constitutional provisions in the
nature thereof, in all the American Constitutions, serve
effectually to prevent such legislation in the states or
the United States.

The Supreme Court of Illinois, in the case of *Laugel
v. Bushnell,* 197 Ill. 20, 63 N. E. 1086, 58 L. R. A. 266,
has classified nuisances as follows: "(1) Those which
in their nature are nuisance per se, or are so denounced
by the common law or by statute; (2) those which in
their nature are not nuisances, but may become so by
reason of their locality, surroundings, or the manner in
which they may be conducted, managed, etc.; (3) those
which in their nature may be nuisances, but as to which
there may be honest differences of opinion in impartial
minds. The power granted by the statute to the govern-
ing bodies of municipal corporations to declare what
shall be nuisances, and to abate the same, etc., author-
ize such bodies to conclusively denounce those things
falling within the first and third of these classes to be
nuisances, but as to those falling within the second
class the power possessed is only to declare such of
them to be nuisances as are in fact so. Statutes pro-

hibiting certain nuisances do not supersede the common law as to other acts which constitute a public nuisance under the common law.—*State v. Boll*, 59 Mo. 321. Likewise, a statute defining what are nuisances and prescribing a remedy by action does not take away any common-law remedy in the abatement of nuisances that the statute does not embrace.—*Stiles v. Laird*, 5 Cal. 120, 63 Am. Dec. 110."

The Code of 1907 contains a provision on the subject of nuisances (sections 5193-5198). Those defining nuisances (sections 5193 and 5196) are merely declaratory of the common law, and are as follows:

"5193. What is a Nuisance. A nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful, or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man."

"5196. Public and Private. Nuisances are either public or private. A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or a few individuals. Generally, a public nuisance gives no right of action to any individual, but must be abated by a process instituted in the name of the state. A private nuisance gives a right of action to the person injured."

A nuisance may be at the same time both of a public and of a private character.

The need of speedy and permanent relief from the dangers and discomforts of a continuing nuisance is often sought in and granted by courts of equity, by

means of injunction to abate or compel a discontinuance thereof.    To establish the right to injunctive relief at the suit of an individual against a public nuisance, such individual must suffer a loss or inconvenience different in kind and degree.   And in addition to those things necessary to his maintenance of an action in a court of law therefor, he must allege and show a constantly recurring grievance or a continuing nuisance, or a real danger of serious and irreparable injury.    In other words, he must allege and prove that his remedy at law is incomplete or inadequate.—2 Story Eq. Juris. § 920 et seq.; 3 Pom. Eq. Juris. § 1350; 2 Wood on Nuis. (3d Ed.) c, 25.   The individual must have a legal right, and be without adequate legal remedy for its enforcement, before equity will grant relief.

In determining whether an alleged nuisance should be abated or its continuance enjoined, everything should be looked at from a reasonable point of view.   The law does not regard trifles or very small inconveniences, but only those that are sensibly so; those which diminish the comfort or enjoyment of the complainants, or those sought to be relieved, or which sensibly diminish the value of property sought to be relieved from the effects of such alleged nuisance.   If one lives in a town, of necessity he must suffer some annoyances from the carrying on of the various trades which are properly located and carried on in his immediate vicinity, and which are necessary for the public trade and commerce, and for the public at large.   If one so lives in a shop district of a city, he ought not to complain that a shop is carried on in the next door to him, if it is done in a proper manner; but if he selects as his home the residence district of such town, and builds his house, there, then he would have a right to complain, if a third party should establish and carry

[1st Avenue Coal & Lumber Co. v. Johnson.]

on a shop or plant next door to him, which annoyed his family and disturbed the quietude and pleasure of his home by excessive noise, offensive odors, dust, etc. And especially would he have a right to complain if the location and operation of such a plant, had the effect to materially impair the value of his property.—*Hundley v. Harrison*, 123 Ala. 292, 26 South. 294.

It is but right and proper that plants such as planing mills and coalyards and bins should not be located or carried on in the residence portion of a town or city, to the annoyance of the inhabitants thereof, though the business is a lawful and laudable one and is carried on in a proper manner. Of course, in determining whether or not a given plant, shop, or business is a nuisance by reason of its location, consideration must be given to its effect upon persons of ordinary sensibilities. It is not sufficient that it be considered a nuisance by those persons of very delicate and fastidious tastes or sensibilities; it must be of such character as to be a nuisance to those persons of average mental and physical condition, and those of normal sensibilities and tastes.—Joyce on Nuis. § 93.

If the facts set forth in the bill are true—and on demurrer they must be so treated—the complainant is entitled to the relief prayed, and the court did not err in overruling the demurrer to the bill, and his decree must therefore be affirmed.

Affirmed.

DOWDELL. C. J., and SIMPSON and McCLELLAN, JJ. concur.