## WOLFSCHLAGER v. APPLEBAUM.

1. EQUITY—PLEADING—DEFENSES—ANSWER—NOTICE—NUISANCE.

   Where defendant's answer to a bill to enjoin, as a nuisance in a residential district, a building to be used as an automobile paint and trimming shop, denied that the use to which the building would be put would constitute a nuisance, evidence tending to show that it was defendant's purpose to put in a ventilating system to carry off the gases and offensive odors and that all objectionable work would be conducted in another place was not inadmissible because not set out at length in the answer.

2. NUISANCE—CONTEMPLATED NUISANCE—INJUNCTION.

   While it can seldom be said that a particular business, lawful in its nature, will, no matter how conducted, constitute a nuisance, there are certain kinds of business so indicative of such results, if established in a residential district, as to lead irresistibly to the conclusion that a nuisance will be created thereby, and where such fact is apparent from the nature of the business or becomes so from the testimony of those familiar with the conduct thereof, courts will interfere and grant injunctive relief against such contemplated use.

3. SAME—OPPORTUNITY TO BE GIVEN TO CHANGE OPERATION TO AVOID NUISANCE.

   When a business as conducted is found to be a nuisance, the defendant should be given an opportunity to avoid the objectionable features of its operation before its continuance is enjoined.

4. SAME—CONTEMPLATED NUISANCE—PREMATURE SUIT—DISMISSAL WITHOUT PREJUDICE.

   Where the fact as to whether the business of an automobile paint and trimming shop, as conducted in a residential district, will constitute a nuisance can only be determined after its operation, a bill to enjoin same prematurely filed will be dismissed without prejudice.

Appeal from Wayne; Goff (John H.), J. Submitted

January 12, 1921.  (Docket No. 85.)  Decided March 30, 1921.

Bill by Anthony F. Wolfschlager and others against Isaac Applebaum and another to enjoin the erection of a factory building in a residential district. From a decree for plaintiffs, defendant Applebaum appeals. Reversed, and bill dismissed.

*Beaumont, Smith & Harris* (*Charles Wright, Jr.,* of counsel), for plaintiffs.

*A. W. Sempliner* (*Stellwagen, MacKay & Wade,* of counsel), for appellant.

SHARPE, J.  Defendant Applebaum is the owner of two lots located at the southeast corner of Antoinette street and Second avenue in the city of Detroit, with a frontage of 140 feet on the former and 80 feet on the latter.  There are no building restrictions pertaining to these lots.  When this suit was begun, Applebaum was erecting a two-story reinforced concrete building to be used for the painting and upholstering of automobiles.  The other defendant was the contractor engaged in the work.  The plaintiffs, who are owners of residences in the vicinity, filed the bill of complaint herein to restrain the erection of the building and the use to which it would be put—

*First.* For the reason that the property was restricted to the building of residences or small apartment houses.

*Second.* Because the district was exclusively a residential one and the proposed use of the building in such a district would constitute a nuisance.

A temporary injunction was issued but dissolved, it appearing that there was no building restriction pertaining to the land.  Pending the hearing, the building was completed.  Much testimony was taken bear-

ing on the questions as to whether the building under construction was in a residential district and whether its proposed use would constitute a nuisance. The trial court found for plaintiffs on both of these issues, and a decree was entered enjoining the defendants from using the building "as an automobile paint and trimming shop," from which the defendant Applebaum appeals.

We have read the record with care and conclude that the finding of the trial court, who viewed the premises, that the building is located in a "residential zone" is justified by the evidence.

With the other question we have had much more difficulty. The court found:

"A large automobile paint and upholstering and repairing shop will bring great numbers of automobiles to the southeast corner of Antoinette and Second avenue in need of repair and upholstering and painting, and the same will emit clouds of smoke, vile smelling gas, and obnoxious fumes. Necessarily there will be a blowing of horns before crossing the sidewalk, to notify occupants of paint shop of desire to enter, and also to warn pedestrians passing on the sidewalk, and then the blowing of horns for the same purpose before emerging from the paint shop. Necessarily there will be the noise of the hammering in the business of upholstering and trimming and repairs necessary to be made prior to painting. This noise of horns and hammering in itself will, in my opinion, constitute a nuisance. To this must be added the odors, fumes, and smells from paint removers and from paint, which witnesses of the medical profession pronounce obnoxious and unwholesome and dangerous to health. Certainly they would cause discomfort and annoyance to the residents in houses near by, and in my opinion would materially decrease the value of adjoining property for purposes of residence."

He further found:

"Defendant Applebaum testified he intends to put

a ventilating system in the shop to carry off all gas and offensive odors. Congdon, one of the lessees, testified that if in the operation of the paint shop the use of paint remover would be objectionable, he would use the paint remover at his other place of business, a considerable distance away."

The defendant Applebaum submitted proof tending to show that it was the purpose to put in a ventilating system to carry off the gases and offensive odors and that all objectionable work in connection with the business would be conducted in another place a considerable distance therefrom. The trial court declined to consider such evidence for the reason that such facts were not specifically alleged in the answer, relying upon *Reed* v. *Jourdan,* 109 Mich. 128, 133, in which this court said:

"The rule in such cases is that, besides answering the complainant's case as made by the bill, the defendant must state to the court in his answer all the circumstances of which he intends to avail himself by way of defense, for it is a rule that the defendant is bound to apprise the complainant by his answer of the nature of the case he intends to set up, and that he cannot avail himself of any matters in defense which are not stated in his answer, even though they should appear in his evidence."

In that case the defendant sought to attack the validity of the action of the commissioners on claims appointed by the probate court. The bill alleged that the claims were duly allowed and the answer in no way denied such allegation. We have no inclination to disturb the ruling thus made. In this case, however, the answer denied that the use to which the building would be put would constitute a nuisance. It alleged that "there will be no noise, no smoke, and no smell of any kind in the business to be conducted" therein. The burden was on plaintiffs to support by proofs their allegation that the use of the building by defendant for

the purpose for which it was erected would necessarily cause such annoyance and discomfort to them as to constitute a nuisance. This allegation was denied by the defendant. He was not required to set out in detail the manner in which he proposed to install the machinery or appliances intended to be used by him or his tenant, or the evidence he would submit in support of such denial. We think the proof submitted was admissible and should be considered.

The business is a legitimate one and should not be suppressed unless it appears that it will be of such a character as to necessarily produce the results apprehended. It can seldom be said that a particular business, lawful in its nature, will, no matter how conducted, constitute a nuisance. There are certain kinds of business, however, so indicative of such results, if established in a residential district, as to lead irresistibly to the conclusion that a nuisance will be created thereby. Such fact may be apparent from the nature of the business itself or become so from the testimony of those familiar with the conduct thereof. In such cases, courts will interfere and grant injunctive relief against such contemplated use. The following recent cases decided by this court are illustrative of the character of the business to which this rule applies. *Barth* v. *Hospital Ass'n,* 196 Mich. 642; *Saier* v. *Joy,* 198 Mich. 295 (L. R. A. 1918A, 825); *Birchard* v. *Board of Health,* 204 Mich. 284.

Counsel do not seem to disagree as to what will constitute a nuisance in such cases under our decisions. The rule of determination laid down in the above cases and in the more recent case of *Mackenzie* v. *Pauli Co.,* 207 Mich. 456, should not leave the matter in doubt. In the latter case, this court held that when a business as conducted was found to be a nuisance, the defendant should have been given an opportunity to avoid the objectionable features of its operation before enjoin-

ing its continuance. We are of the opinion that the defendant is entitled to have his tenants engage in the business as contemplated by them and that the question of whether such business becomes a nuisance in fact can only be determined after operation. See the numerous authorities cited and quoted from in *Mackenzie* v. *Pauli Co., supra.*

The bill was prematurely filed and will be dismissed, without prejudice, with costs to defendant Applebaum.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.