CITY OF LANSING *v.* EATON CIRCUIT JUDGE.

NUISANCE—CONTEMPLATED. NUISANCE—PIGGERY—INJUNCTION—PRE-
MATURE SUIT.

An injunction, at the instance of residents of a township,
restraining the city of Lansing from establishing and oper-
ating a piggery on a farm in said township, on the claim
that the same will constitute a nuisance, as against the
city's denial, was improvidently issued, since the question
as to whether said piggery, as operated, will constitute a
nuisance, can be determined only after the same is in
operation.

Mandamus by the city of Lansing against Willis B.
Perkins, presiding circuit judge of Eaton county, to
vacate an order denying a motion to dismiss an in-
junction.   Submitted April 5, 1921.   (Calendar No.
29,654.)   Writ granted April 20, 1921.

*D. G. F. Warner* and *Allan R. Black,* for plaintiff.

*Rosslyn L. Sowers* (*Samuel H. Rhoads,* of counsel),
for defendant.

MOORE, J.   This is an injunction bill.   It is alleged
in the bill of complaint and admitted in the answer
that the city of Lansing has purchased a farm in Delta
township for the purpose of establishing thereon a
piggery, where hogs will be kept and fed on the
garbage collected from the city of Lansing.   The
plaintiffs live in the neighborhood of said farm.   It is
alleged in the bill of complaint that said garbage and
its disposal will create a nuisance, endangering the
lives and health of the plaintiffs, and destroy the en-
joyment of their homes and greatly depreciate the
value of their property.   The defendants deny that the
conditions which will exist under their method of dis-

For annotation on the question of keeping of pigs as a
nuisance, see note in L. R. A. 1917C, 212.

posing of the garbage will create a nuisance or cause discomfort to the plaintiffs. An injunction was issued on an *ex parte* application. A motion was made to dissolve the injunction. This motion was overruled. This is a proceeding to review that action.

The pleadings and the affidavits accompanying the same show a pressing necessity to have the question of whether the injunction was improvidently issued speedily determined. A similar question in the legal principles involved to the one here was presented in *Wolfschlager* v. *Applebaum*, 213 Mich. 180. We think that case is controlling of the instant case. We shall not quote therefrom but content ourselves with referring to the case.

The bill of complaint was prematurely filed and the injunction is dissolved without prejudice, with costs to the city.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.