(106 So. 597)

**NEVINS v. McGAVOCK et al.  (6 Div. 549.)**

(Supreme Court of Alabama.  Dec. 17, 1925.)

**1. Automobiles ⊜367—Garage held not nuisance per se.**

Two-story garage, to be used for public storage and service for hire of automobiles, is not a nuisance per se, but a lawful and useful business.

**2. Nuisance ⊜3(2)—Lawful business may become nuisance.**

A lawful business may become a nuisance, when maintained in certain localities.

**3. Nuisance ⊜23(1)—Injunction granted on showing irreparable damages.**

Where injunctive relief against anticipated nuisance is sought, it must be made to appear that consequences from alleged nuisance about to be erected will result in irreparable damages, and that to a reasonable degree of certainty.

**4. Nuisance ⊜23(1)—Injunction not granted because of diminution in value of property or increased fire risks.**

Mere fact of diminution in value of property of party seeking injunctive relief against anticipated nuisance, or of increased risks from fire hazard, without more, is unavailing as ground of equitable relief.

**5. Nuisance ⊜25(1)—Injunction not granted, when public benefit preponderates over private inconvenience.**

Where injunctive relief against anticipated nuisance is sought, public benefit will be considered, and, when it preponderates over private inconvenience, no relief will be granted.

**6. Automobiles ⊜367—Bill held insufficient to authorize injunction against building of garage.**

Bill seeking injunctive relief against proposed garage in residential district, which rested on the character of the business itself, *held* not sufficient to authorize relief, in view of public demand for such building and enhancement of public convenience thereby.

**7. Automobiles ⊜367—Public benefit from garage held to preponderate over inconvenience occasioned by injunction.**

Public benefits from proposed garage for storage and livery purposes in residential district *held* to so preponderate over whatever inconvenience might be occasioned that injunctive process should not be granted.

Gardner and Thomas, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by R. J. McGavock and others against W. H. Nevins. From the decree, respondent appeals.  Reversed and rendered.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

One's right to use his own property as he pleases is unlimited up to the point where the particular use becomes a nuisance. Fisher v. Clark, 41 Barb. (N. Y.) 329; True v. McAlpine, 81 N. H. 314, 125 A. 680. The mere fact of diminution of value of complainant's property, or the increased risks from hazard of fire, is unavailing as a ground for injunctive relief. Rouse & Smith v. Martin & Flowers, 75 Ala. 515, 51 Am. Rep. 463; Ballentine v. Webb, 84 Mich. 38, 47 N. W. 485, 13 L. R. A. 324; Marshall v. Dallas (Tex. Civ. App.) 253 S. W. 887. The establishment of a public garage in a residential district is not a nuisance per se.  Sherman v. Levingston (Sup.) 128 N. Y. S. 581; Wolfschlager v. Applebaum, 213 Mich. 180, 182 N. W. 47; Brown v. Easterday, 110 Neb. 729, 194 N. W. 798; True v. McAlpine, 81 N. H. 314, 125 A. 680; Bourgeois v. Miller, 89 N. J. Eq. 285, 104 A. 383; Dickson v. Barr (Tex. Civ. App.) 235 S. W. 977. The courts will not enjoin an anticipated nuisance.  Code 1923, § 9273; McHan v. McMurry, 173 Ala. 186, 55 So. 793; Kirk v. McTyeire, 209 Ala. 125, 95 So. 361; 7 A. L. R. 753, note; Wergin v. Voss, 179 Wis. 603, 192 N. W. 51, 26 A. L. R. 955, note; St. James Church v. Arrington, 36 Ala. 548, 76 Am. Dec. 332; Ray v. Lynes, 10 Ala. 64; Kingsbury v. Flowers, 65 Ala. 484, 39 Am. Rep. 14; Ogletree v. McQuagg, 67 Ala. 587, 42 Am. Rep. 112. Such use as affects the æsthetic taste of other residents does not constitute a nuisance. Reynolds v. Harris, 11 Ohio Dec. 509, Ann. Cas. 1916C, 966 note; 19 R. C. L. 819; Cuba v. Cotton Oil Co., 150 Ala. 259, 43 So. 706; Montgomery v. West, 149 Ala. 311, 42 So. 1000, 9 L. R. A. (N. S.) 659, 123 Am. St. Rep. 33, 13 Ann. Cas. 651; Morford v. Board of Health of Asbury Park, 61 N. J. Law, 386, 39 A. 706.

Mullins & Jenkins, of Birmingham, for appellees.

A court of equity will enjoin the erection of a nuisance, where the consequences thereof will be irreparable damages, and such consequences are to a reasonable degree certain. Code 1923, § 9273; Higgins v. Bloch, 213 Ala. 209, 104 So. 429. A public garage for storage and servicing a large number of automobiles in an exclusive residential district is a nuisance. Higgins v. Bloch, supra; First Ave. Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L. R. A. (N. S.) 522; Nat. Ref. Co. v. Batte, 135 Miss. 819, 100 So. 388, 35 A. L. R. 91; Slingluff v. Tyson, 280 Pa. 206, 124 A. 420; Hohl v. Modell, 264 Pa. 516, 107 A. 885; Mitchell v. Guaranty Co., 283 Pa. 361, 129 A. 114; Lewis v. Berney (Tex. Civ. App.) 230 S. W. 246; Wright v. Lyons, 224 Mass. 167, 112 N. E. 876.

PER CURIAM. Appellees, owning and occupying homes on lots abutting upon Linden street in the city of Birmingham, filed this bill against appellant, seeking an injunc-

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion against the erection near their premises of a two-story garage, to be used for public storage and service for hire of automobiles.

[1, 2] This appeal is from a decree overruling the motion to dissolve the preliminary injunction and the demurrer interposed. Upon the motion, the answer and numerous affidavits were considered. All the authorities agree that such a garage as proposed is not a nuisance per se, but a lawful and useful business; but a lawful business may become a nuisance, when maintained in certain localities. Higgins v. Bloch, 213 Ala. 209, 104 So. 429.

[3] In cases seeking injunctive relief against an anticipated nuisance, our authorities are to the effect that a very strong case must be made out. It must be made to appear that the consequences from such an alleged nuisance about to be erected will result in irreparable damages, and that to "a reasonable degree certain." Higgins v. Bloch, supra, or, as said in Rouse & Smith v. Martin, 75 Ala. 510, 51 Am. Rep. 463:

"If there be a reasonable doubt as to the probable effect of an alleged nuisance, either on the proof, affidavits, or on the construction of the facts stated in the bill, there will be no interference until the matter is tested by experiment in the actual use of the property. * * * 'There must be such a clear, precise statement of facts that there can be no reasonable doubt, if the acts threatened are completed, grievous injury will result.'"

See, also, note 7 A. L. R. 749 et seq.

[4, 5] The injunction is here sought upon the theory that such a garage will necessarily constitute a nuisance to these complainants of such a character as to cause them to suffer irreparable damages. But we are in accord with the conclusion of the New York court in Sherman v. Levingston (Sup.) 128 N. Y. S. 581, to the effect that:

"A public garage may be so conducted that its objectionable features may be eliminated, or at least minimized to an extent that its operation will not unduly annoy or inconvenience those who reside nearby."

There the court further said:

"It is quite likely that many people, for sentimental or other reasons, might object to the location of a public garage, or, indeed, any public business, near their home; but, so long as the business to be carried on is legitimate, fanciful objection should not be permitted to prevent its operation. Undoubtedly there may be, of necessity, some noise from the proposed enterprise; but it must be borne in mind that what might be considered out of place and quite unbearable in a rural community, or a country hamlet, can hardly be so regarded in a busy city."

It is settled, also, that the mere fact of diminution in value of complainants' property or increased risks from fire hazard, without more, is unavailing as a ground of equitable relief. "So the public benefit will be considered, and, when it preponderates over the private inconvenience, no relief will generally be granted." Rouse & Smith v. Martin, supra; 7 A. L. R. 758 et seq.

As has been often said, the automobile "has come to stay," and is now generally recognized as an important adjunct to our business and commercial life. Public garages have become a necessity, and it is also necessary that storage space be provided. Speaking to a similar insistence to that here made, the Nebraska Supreme Court, in the case of Brown v. Easterday, 110 Neb. 729, 194 N. W. 798, said:

"The plaintiff finally contends that he will be deprived of the comfortable enjoyment of his property by reason of a congestion of automobiles, the glare of lights, and the noise of the apparatus used in operating the station, and that these will constitute a private nuisance. Regarding the increase of traffic, the same reason would constitute a popular church a private nuisance, as it is a well-known fact that, not only on Sundays, but on other days and nights, when the activities of churches are in progress, automobiles are parked for blocks in all directions, and to a certain extent interfere with the quiet enjoyment and privacy of homes in the vicinity, and yet these are but the trivial inconveniences necessarily resulting from changes and improvements growing out of advancing civilization. The same may be said as to the glare of the lights. These inconveniences are shared by the general public, and the only difference as regards the plaintiff is in the matter of degree, not of kind, and therefore does not constitute a special injury, entitling him to an injunction. Ayers v. Citizens' R. Co., 83 Neb. 26, 118 N. W. 1066. As to the disagreeable noises, the evidence does not convince us they are of such a character as to seriously interfere with the plaintiff's comfort and enjoyment of his home. The contention that the plaintiff's property will be reduced in value by the erection of the gasoline station, if true in point of fact, is not of itself grounds for equitable interference."

[6] We construe the bill as disclosing a considerable demand for such a garage in territory removed from the business area of the city, and it must follow as a result that the public convenience would be enhanced thereby. From its averments of facts, the bill appears to rest upon the character of the business itself, which we conclude is not sufficient to authorize relief. Other averments in that respect may be characterized in the main as conclusions or opinions only, and the bill does not, especially in view of the public demand therefor, and the enhancement of the public convenience thereby, present a sufficiently strong case for injunctive relief against an anticipated nuisance. In addition to the authorities heretofore cited, may be added those of Bourgeois v. Miller (N. J. Ch.) 104 A. 385; True v. McAlpine, 81 N. H. 314, 125 A. 680; Wolfschlager v. Applebaum, 213 Mich. 180, 182 N. W. 47. We conclude, there-

fore, the demurrers to the bill should have been sustained.

From the foregoing it is apparent but little discussion is needed in a consideration of the answer and affidavits on the motion to dissolve the injunction. A much stronger case for the defendant appears from the answer and proof. The proposed garage will face on Linden street—not 200 feet, but 85 feet, only—and will not be directly in front of the house of any of the complainants. In that particular block there are no residences facing said street on the side where this building is to be erected; only a few servant houses and private garages. There will be two entrances, aside from the entrance on Linden street—one on an alley to the side, and one on the alley to the rear. The capacity of the garage will be 175 automobiles, rather than 300, as the bill alleges. The lot where it is proposed to erect the building will be greatly improved in appearance by the proposed structure. It further appears only two of the homes represented in this litigation face Linden street; the others facing Niazuma avenue.

While this section of the city is exclusively residential in the general sense, yet on Highland avenue, within a few blocks of this location, there are a number of apartment houses, and occupants owning cars are without place of storage, thus necessitating their remaining in the street; that in the proposed garage repairs to cars are not contemplated, but only service with gas, oil, cleaning, and washing the cars and matters of that character; that the public at large will be greatly benefited appears clear, and the demand for such a business is great.

[7] In our opinion a case is presented where the public benefit so preponderates over whatever inconvenience may be occasioned complainants that injunctive process should not be granted as against an anticipated nuisance. We think the motion to dissolve the injunction should have been sustained.

The decree of the court below will be reversed, and one here rendered sustaining the demurrers to the bill, and dissolving the temporary injunction heretofore issued.

Reversed and rendered.

ANDERSON, C. J., and SAYRE, SOMERVILLE, MILLER, and BOULDIN, JJ., concur.

GARDNER, J. (dissenting). The proposed business enterprise is an intrusion into an exclusive residential section of the city. Its objectionable features are inherent in the business, and I am persuaded the ruling of the chancellor, retaining the injunction, was fully supported as to the facts and law by the following authorities, directly in point: Pren-

dergast v. Walls, 257 Pa. 547, 101 A. 826, decided in 1916; Hohl v. Modell, 264 Pa. 516, 107 A. 885, decided in 1919; Slingluff v. Tyson, 280 Pa. 206, 124 A. 420, decided in 1924; Mitchell v. Guaranty Co., 283 Pa. 361, 129 A. 114, decided in 1925; Wright v. Lyons, 224 Mass. 167, 112 N. E. 246—and supported in principle by the cases of Kyser v. Hertzler, 188 Ala. 658, 65 So. 967; Higgins v. Bloch, (Ala.) 104 So. 429;[1] First Ave. Coal Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L. R. A. (N. S.) 522; Nat. Refining Co. v. Batte, 135 Miss. 819, 100 So. 388, 35 A. L. R. 91.

The injunction enforced what was denominated by Mr. Blackstone "that excellent rule of gospel morality, of doing to others as we would they should do unto ourselves," and should not, in my opinion, be dissolved.

I therefore respectfully dissent.

THOMAS, J., concurs.

