JOSEPH CONTRAS, RELATOR, v. THE MAYOR AND ALDER-
MEN OF JERSEY CITY ET AL., DEFENDANTS.

Argued October term, 1926—Decided December 30, 1926.

**Zoning—Erection of Garage in Place of a Shed—Alleged That
the Fire Hazard Would be Increased—Demurrer to Return—
Statement in Demurrer Denying Truth of Alleged Facts Not
Considered—Mandamus Refused.**

On *mandamus.* On demurrer to return.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD
and MINTURN.

For the relator, *John Milton.*

*Contra, Thomas J. Brogan* and *Charles Hershenstein.*

PER CURIAM.

The relator is the owner of property on St. Paul's avenue,
in Jersey City, the tract being seventy-five feet front and
one hundred feet deep. On it there is erected a one-story
frame shed, which he had been using as a combination stable
and garage, in connection with his business. He applied
to the building commission for authority to remove the shed,
and to erect upon the property a one-story public garage.
This application was denied by the commission, and he then
appealed to the board of commissioners of Jersey City, who
sustained the refusal. Thereupon, he applied for and ob-
tained an alternative writ of *mandamus.*

In the return to the writ, the defendants justified the action
of the board of commissioners "upon the ground that the
erection of the contemplated garage by the relator will in-
crease the fire hazard in the locality where the building is
proposed to be erected or alteration made." The relator de-
murred to this return, stating that he did not admit the

truth of the allegations contained therein, but asserting that they are insufficient in law to justify the defendants in refusing to grant the permit.

The statement in the demurrer that the relator does not admit the truth of the facts alleged ought not to be considered, since the very function of the demurrer is to determine whether the facts set forth in the pleading demurred to afford legal justification for the action of the parties against whom the demurrer is filed. If the relator desired to controvert the facts set out in the return, it was incumbent upon him to file a replication thereto, and thus present an issue of fact to be determined by testimony *pro* and *con,* under the familiar rules of common law pleading. 22 *R. C. L.* 712, and cases; *Bonynge* v. *Frank,* 89 *N. J. L.* 240.

Assuming, as we must, in the present state of the pleadings that the erection of the contemplated building would tend to increase the fire hazard to the detriment of the community, we think that the refusal to grant the permit, under such circumstances, is within the police power of the municipality, and conclude that a peremptory writ of *mandamus* should be refused.