Gaillard, Mahorner & Gaillard, of Mobile, for appellants.

(123 So. 213)

**BLOCH et al. v. McCOWN et al.  (I Div. 532.)**

Supreme Court of Alabama.  June 6, 1929.

As Modified, on Denial of Rehearing, June 27, 1929.

Lyons, Chamberlain & Courtney, of Mobile, for appellees.

SAYRE, J. Appellants' bill in chancery seeks to enjoin the construction and operation of a gasoline filling station and tire repair shop on the lot adjacent to his dwelling on Government street in the city of Mobile. The averment is that the filling station and tire repair shop will occupy the lot at the corner of Government and Bayou streets, 55 by 107 feet. Appellant Bloch's lot fronts on Government street with an "L" over to Bayou, and a diagram of the neighborhood, submitted in his brief—and which we think we may refer to for this limited purpose, since there is no dispute about the facts—shows appellee's lot as having an equal frontage on Government street. Members of appellant's family and

Virginia Thomas, a neighbor, join him in the bill and in this appeal taken from a decree sustaining a demurrer to the bill. It is averred that the part of the city at the intersection of the two streets named has been for 40 years or more residential in character, and that the lot on which defendant McCown is erecting the structure or structures complained of was until recently an "old residential property known as the Oliver J. Semmes homestead." It is averred that "the inevitable incidents to and attendant upon the operation of a gasoline filling station are that there will be a continuing emission of odors, vapor, dust, smoke, gas and noise, and there will be thrown from the headlights of automobiles entering upon or leaving said filling station glaring lights from said headlights of said automobiles flashing at unreasonable hours of night into the bedrooms and other portions of the premises of complainants; and any or all of said incidents and happenings will inevitably disturb the peace and comfort of your complainants," and, further, that "the operation of a tire service station on said lot will inevitably be attended by loud and disagreeable noises due to the manipulation of steel or other metal parts of automobile wheels with hammers or other instruments and other noises incident to the operation of a tire shop; all of which will inevitably disturb the peace and comfort of your complainants." The bill shows that complainant, as soon as he was informed of defendant's purpose to erect the structure or structures complained of gave defendant McCown notice of his protest and purpose to resist the building and the contemplated business therein, notwithstanding which defendant is now proceeding to build.

Section 9271 of the Code, affirming a principle of precedent general law, declares that: "A nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful, or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man."

It is hardly necessary to repeat the further definitions to be found in our books or the general observations respecting the limitations which the courts impose on the uses of landed property out of deference to the rights of adjacent or neighboring property owners. Our recent cases of Kyser v. Hertzler, 188 Ala. 658, 65 So. 967, and City of Selma v. Jones, 202 Ala. 82, 79 So. 476, L. R. A. 1918F, 1020, may be noted. In the first-cited case a decree overruling a motion to dissolve a temporary injunction against a livery stable was affirmed with the following quotation from High on Injunctions, which we now repeat: "The law may be regarded as settled that where a business, although lawful in itself, becomes obnoxious to neighboring dwellings

and renders their enjoyment uncomfortable whether by smoke, cinders, noise, offensive odors, noxious gases, or otherwise the carrying on of such business is a nuisance which equity will restrain. Nor is it necessary that the nuisance be injurious to health to warrant the interference." 1 High on Injunctions, § 772.

■ The court knows what a filling station and repair shop is, and is of opinion that the business indicated by these terms should not, over the objection of adjacent or neighboring property owners—the force of their objections depending largely upon propinquity—be intruded upon a section previously devoted to desirable residential purposes. A business, lawful in its nature, as is the business proposed by the defendant in this cause, and not a nuisance per se in one locality, may become a nuisance when conducted and maintained in another which is residential in character. Higgins v. Bloch, 213 Ala. 209, 104 So. 429. In Nevins v. McGavock, 214 Ala. 93, 106 So. 597, the court refused to enjoin the erection of a public storage garage where, within the walls of the building, gasoline and oil were to be dispensed, on the ground of a general public necessity. But here no question is made as to any public necessity or convenience to be served by a filling station and a tire repair shop at the particular place. The cause has not reached the stage when that issue, if ever, may be injected. Proceeding on our general knowledge of things, we feel free to assume that there is no lack of places in the business districts of Mobile or elsewhere outside of the exclusive residential sections of that city where filling stations and tire repair shops may be located without offense or encroachment upon the just and reasonable property rights of homeowners, and that the value and comfortable enjoyment of complainant's property as a place of residence may be seriously affected.

There seems to be some conflict in the adjudicated cases; but most of those which are thought to differ from the view here taken may be discriminated from this by reason of peculiar facts. We think the conclusion indicated in what we have said best accords with reason and right, and it does not lack support in the decisions of other courts. Huddleston v. Burnett, 172 Ark. 216, 287 S. W. 1013; National Refining Co. v. Batte, 135 Miss. 819, 100 So. 388, 35 A. L. R. 91; Magnolia Petroleum Co. v. Wright, 124 Okl. 55, 254 P. 41; McPherson v. First Presbyterian Church of Woodward, 120 Okl. 40, 248 P. 561, 51 A. L. R. 1215; Tyson v. Coder, 83 Pa. Super. Ct. 116.

■■ We hold, therefore, that a filling station may be a nuisance per accidens by reason of its location or other circumstances, e. g., in this case, the proposed operation of a tire repair shop in connection; and that, considering the averments of the bill in this cause, showing peculiar injury to appellants, the demurrer was due to be overruled.

It is suggested in the brief for defendant (appellee) that his place can only become a nuisance by reason of the future operation of his proposed business therein, and that complainant's application for relief is premature and should be deferred until such time as the court may be informed as to the manner in which defendant's business at the place in question will be conducted. This is to ignore the location and the court's common knowledge of the inevitable consequences to follow upon the conduct of the business which defendant proposes to carry on, however well conducted, not to mention the specific averments of the bill. And in this connection it was incumbent on complainant to consider whether, if he stood by, without protest or preventive action, and allowed defendant to construct his building, which, we may assume, would be peculiarly and expensively adapted to the conduct of the proposed business, he would then be estopped to deny defendant's right.

Further, we note, that the injury complained of, if defendant should be allowed to proceed, would be irreparable within the meaning of the authorities on the subject of nuisance; that is, the annoyance would be of such constant and frequent recurrence that no fair or reasonable redress could be had in a court of law. First National Bank v. Tyson, 133 Ala. 459, 32 So. 144, 59 L. R. A. 399, 91 Am. St. Rep. 46.

We are not unmindful of the right of the owner of town or city property to maintain a garage for his own use. The annoyance, if any, to result from that character of structure and its reasonable private use, can in reason only be occasional and incidental. No question as to that right is involved. In the case presented by the bill it may be assumed that the annoyance inseparably connected with the business proposed would be repeated at frequent intervals during the day and far into the night.

We have considered the case alleged in appellant's bill. The facts remain to be proved, though the bill may be aided to some extent by common knowledge. The court below will hear and determine the cause on the evidence to be adduced going to show the nature and situation of the properties involved, their contiguity, and every circumstance of environment. Gillette v. Tyson, ante, p. 511, 122 So. 830.

Our conclusion is that the demurrer to appellant's bill, as for any objection taken by it, should have been overruled.

Reversed and remanded.

All the Justices concur.