(122 So. 830)

**GILLETTE, Bldg. Inspector, v. TYSON et al. (3 Div. 880.)**

Supreme Court of Alabama. June 6, 1929.

Goodwyn & Goodwyn and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

FOSTER, J. Section 1878 of the Code grants authority to municipal corporations to create districts or zones within its limits for business, industrial, and residential purposes.

Section 1879 provides for the manner of the adoption of such zoning ordinances, and requires a publication of the proposed ordinance at least fifteen days in advance of its passage.

512

Such an ordinance was duly adopted for the city of Montgomery. One provision of the ordinance prohibits the use of a filling station within the A residential district, unless, among other things, there is given the unanimous consent of the owners of certain lots situated adjoining the proposed filling station and those situated otherwise as therein stated.

Appellees own a lot in said A residential district, and contracted for the erection of a filling station. They applied to the city authorities for a building permit in accordance with city ordinances pertaining to the erection of buildings in the city. This permit was denied them, for the reason expressly stated in writing that the "application is not accompanied by a petition showing consent in writing of the property owners in the vicinity of the proposed site as required by the zoning ordinance." Upon such refusal of the issuance of the permit this proceeding of mandamus was begun to require its issuance.

Appellees claim that the ordinance in question is in violation of their constitutional rights.

In the case of Longshore v. City of Montgomery, 22 Ala. App. 620, 119 So. 599, the Court of Appeals of Alabama so held, and this court denied a writ of certiorari for its review. Id., 218 Ala. 597, 119 So. 601. We have no disposition to disturb that judicial situation nor give further treatment to that question.

But appellant now justifies himself in refusing the application, by virtue of an ordinance passed by the city commission after the filing of the petition in this case. By the terms of such ordinance it is made unlawful "to construct, erect, remodel or repair any * * * filling station * * * within the 'A' residential district."

This ordinance was not adopted pursuant to the authority of sections 1878 and 1879 of the Code, for it was not published "fifteen days in advance of its passage" as therein provided. Appellant does not claim justification for it under the authority of those sections, but claims that under its general police power the city commission had such authority, and that its effect is sufficient justification for the denial of relief in this proceeding, though not in existence when the permit was sought and denied, nor when the petition in this case was filed.

Appellant offered to prove the "general character and manner of handling of such a filling station as that referred to in the petition and that it would be a menace to the health and comfort and unsanitary in this a residential section—and that it would be a greater fire hazard, and that it would be noisy and an annoyance to the citizens in this residential section." The court declined to permit such proof, and granted relief to appellees.

■ It is the view of the Court that appellees are not entitled to a writ of mandamus, whether or not there is an ordinance prohibiting the structure, if it will offend section 2034, Code. By virtue of that section all cities and towns have the right "to prevent injury or annoyances from anything dangerous or offensive, or unwholesome and to cause all nuisances to be abated." If the proposed structure comes within the terms of this statute, the city would be justified in denying a permit for its erection, without an ordinance prohibiting it. 43 C. J. 346, 347; Contras v. Jersey City, 135 A. 472, 5 N. J. Misc. R. 59. The city cannot by its mere ordinance make a nuisance out of a condition which is not so in fact or in law. First Ave. Coal & Lumber Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L. R. A. (N. S.) 522; 19 R. C. L. 817.

The weight of the authorities is to the effect that a filling station is not a nuisance per se (or at law)—even in a residential district —but may be such per accidens (or in fact). 46 C. J. 648, 709. The chief difference of opinion is as to when it becomes a nuisance per accidens. Hanes v. Carolina Cadillac Co., 176 N. C. 350, 97 S. E. 162; Brown v. Easterday, 110 Neb. 729, 194 N. W. 798; Tyson v. Coder, 83 Pa. Super. Ct. 116; Huddleston v. Burnett, 172 Ark. 216, 287 S. W. 1013; Nat. Refining Co. v. Batte, 135 Miss. 819, 100 So. 388, 35 A. L. R. 91; McPherson v. First Presbyterian Church, 120 Okl. 40, 248 P. 561, 51 A. L. R. 1215; Magnolia Petroleum Co. v. Wright, 124 Okl. 55, 254 P. 41; Patterson v. Roxana Petroleum Co., 109 Okl. 89, 234 P. 713.

This court has fully approved that principle. Higgins v. Bloch, 213 Ala. 209, 104 So. 429; Nevine v. McGavock, 214 Ala. 93, 106 So. 399; Bloch v. McCown, post, p. 656, 123 So. 213; First Ave. Coal & Lumber Co. v. Johnson, supra.

■ We think the circuit court should have permitted evidence showing the nature of the locality, the proximity and nature of residences, extent of traffic on the streets, passage of street cars, paving conditions, want of a need for the enterprise, proximity of other business structures, if any, and all the conditions which would tend to show whether it would be a nuisance. Bloch v. McCown, supra. From all such evidence the court should determine the issue of fact, viz., Will the proposed structure be dangerous or offensive so as to cause injury or annoyances to the residents in that locality, and be a nuisance in fact? If the court finds the facts against petitioner in this respect, a denial of the writ of mandamus would follow, for the city would be within its rights in that event in withholding such permit. But, if the finding is for petitioner on those questions, the ordinance of the city herein referred to would not prevent relief from being granted.

It follows that the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

All the Justices concur, except BROWN, J., not sitting.