(133 So. 29)

**FLETCHER et al. v. BARNARD et al.**

8 Div. 260.

Supreme Court of Alabama.

March 5, 1931.

Wm. C. Rayburn, of Guntersville, for appellants.

J. A. Lusk and Joe Starnes, both of Guntersville, for appellees.

GARDNER, J.

The appeal is from the decree denying defendants' motion to dissolve the temporary writ of injunction theretofore issued.

It appearing without dispute, in conformity with the denials of the answer, that a gasoline filling station only (and not also

a tire repair shop, as alleged in the bill) was proposed or contemplated, the case is to be considered as involving the erection only of such a station.

 It is recognized by the decisions of this court, in harmony with the decided weight of authority, that a filling station is a lawful business and not a nuisance per se, even in the residential district, but may become such per accidens. Nevins v. McGavock, 214 Ala. 93, 106 So. 597; Gillette v. Tyson, 219 Ala. 511, 122 So. 830; Marsh v. Chesseman, 221 Ala. 390, 128 So. 796; Bloch v. McCown, 219 Ala. 656, 123 So. 213, 214; City of Tuscaloosa v. Standard Oil Co., 221 Ala. 670, 130 So. 186. The matter of location frequently becomes of controlling importance. Gillette v. Tyson, supra; Marsh v. Chesseman, supra; Bloch v. McCown, supra; White v. Luquire Funeral Home, 221 Ala. 440, 129 So. 84; 7 A. L. R. page 771; Laughlin, Wood & Co. v. Cooney, 220 Ala. 556, 126 So. 864.

We are persuaded such is the case here. The vacant lot on which is proposed the erection of the filling station is located in block 36 at the intersection of Loveless street and Dunlap avenue. It is without dispute that Dunlap avenue is the principal business street of Guntersville, and "practically the only business street in what is known as South Guntersville." The avenue is eighty feet in width and Loveless street sixty feet. It is alleged in the answer, and sustained by the proof, that the section in which complainants reside, and the block where the proposed station is to be located, was laid off in 1892, platted and recorded in the probate office as a business section—the lots being twenty-five feet in width—and it is alleged complainants had knowledge thereof. A copy of the recorded plat is made exhibit thereto. True, the greater portion of the business houses are located in blocks 40, 41, 48, and 49—blocks 40 and 41 being separated from block 36 by Gilbreath street. True, also, there is in block 36 only one business establishment, a millinery shop adjoining the residence of Miss Long about the middle of the block, and fronting on Dunlap avenue there are four residences in this block. Across the street, in block 37, there appear to be two residences fronting on this avenue, but near the center of the block is a small gristmill operated by electric power.

Defendants offer affidavits to the effect that there will be no odor, dust, smoke, or noises incident to the operation of such a station, nor anything which would disturb the peace and comfort of those living within a radius of fifty or seventy feet thereof. The residence of complainant Fricke, on the same block, will be about seventy-five or one hundred feet from the station, and, as illustrative of the general surroundings but of no par-

ticular moment in the present case, defendant points out that at the intersection of Dunlap avenue and Gilchrist street, just one block below, complainant Fricke owns and operates a filling station practically as near to the residence of Miss Long as the proposed station will be to said complainant, and that in fact "there are no locations along Dunlap Avenue within the business district of the town of Guntersville which would not be practically as close to a residence as the one involved in this litigation," and "that most all of the filling stations located along Dunlap Avenue * * * which are in operation at this time, are as close to, or almost as close to residences occupied by people as the proposed filling station will be to complainants"—all of which serves only to illustrate the intermixture of residence and business property in that vicinity.

 Complainants offered some proof that there would result depreciation in value of their property, but it is settled by the decisions that the mere fact of diminution in value, without more, is unavailable as a ground of equitable relief. Nevins v. McGavock, 214 Ala. 93, 106 So. 597. Complainants have shown a number of substantial residences in this particular section covering a period of years, but the fact remains, undisputedly, it appears, that Dunlap avenue is the principal business street of the town, and that this particular block, with others on which complainants reside, was laid off, as shown by the recorded plat, and intended for the purpose of business property, and that block 36 contains one business establishment with another (a gristmill) across the street in block 37, and these two blocks adjoin the principal business blocks (40 and 41) of the town of Guntersville, being separated therefrom by Gilbreath street.

Complainants lay stress upon Bloch v. McCown, supra, but that case is readily distinguishable. There the defendants proposed to erect, not only a filling station, but, also, a tire repair shop, but the proposed location was in an exclusive residential section of the city—the opinion noting the averment that "the part of the city at the intersection of the two streets named has been for 40 years or more residential in character." The opinion proceeds: "A business, lawful in its nature, as is the business proposed by the defendant in this cause, and not a nuisance per se in one locality, may become a nuisance when conducted and maintained in another which is residential in character."

The facts here disclosed are not at all akin to those in the Bloch Case, supra, but rather the contrary. Considering the character of property where the station is proposed to be located, it would appear that defendants were acting within their lawful rights in the use

**382**

of their property, and that a case for injunctive relief as for an anticipated nuisance has not been established.

It results, therefore that in our opinion the motion to dissolve the temporary injunction should have been sustained.

The decree will accordingly be here reversed and one rendered dissolving the injunction.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.