Gaillard, Mahorner & Gaillard, of Mobile, for appellants.

Lyons, Chamberlain & Courtney, of Mobile, for appellees.

(135 So. 633)

**BLOCH et al. v. McGOWN et al.**

**1 Div. 634.**

Supreme Court of Alabama.

June 27, 1931.

## THOMAS, J.

The bill was to abate and prevent the operation of a gasoline filling station and tire service conducted or permitted by defendant on his lot in Mobile. A recent appeal on the sufficiency of a bill was Bloch v. McCown, 219 Ala. 656, 123 So. 213.

It has been established (1) that a funeral home and as for that a gasoline and tire repair station were lawful businesses, and not nuisances per se; (2) that the Legislature may confer on municipalities power to enact valid ordinances as provided by statute in the establishing of "zoning districts" (section 1878, Code of 1928; Gen. Acts 1923, p. 590); (3) that is, to fix and declare the boundaries of "commercial districts" and "residential districts" within such municipality in the due consideration of the trend of development and the purposes for which values of properties are decreasing or increasing; and (4) that, in a due exercise of the discretion with which municipalities are invested in the exercise of police power, municipal discretion in fixing such boundaries will not be disturbed "unless clearly arbitrary and unreasonable." White v. Luquire Funeral Home, 221 Ala. 441, 129 So. 84.

Is then the zoning of the site of said filling and tire station within a district changing from residential to business arbitrary or unreasonable? We cannot say the zoning of the site as within a commercial district and with authority to conduct such at the point in question was arbitrary or unreasonable on consideration of all the facts and factors entering into the question, lot and business.

And has the conduct of this business on defendant's land been such as to become and be a nuisance in fact—as it is located and generally conducted? First Avenue Coal & Lumber Co. y. Johnson, 171 Ala. 477, 54 So. 598, 32 L. R. A. (N. S.) 522; Gillette, Building Inspector, v. Tyson, 219 Ala. 511, 122 So. 830. The trial court, considering the facts, found (1) that the location and neighborhood thereof were in a business district, so declared by the zoning ordinance, and (2) that no nuisance in fact existed as to the conduct of the business as so located and in the neighborhood thereof.

We have re-examined the evidence on both features of the case and find no arbitrary and unreasonable exercise of the police power (Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016), but the enactment and publication of a valid ordinance declaring the zoning district in question as that primarily for business or commercial purposes, that the conduct of the business in question was not such as to create a nuisance, and find there was no error in the decree that complainant was not entitled to the relief prayed for and in ordering that the cause be dismissed at complainants' cost. See Drennen v. Mason, 222 Ala. 652, 133 So. 689; Gillette v. Firestone Tire & Rubber Co., 219 Ala. 513, 122 So. 831; Gillette v. Tyson, supra.

It may be said there are substantial differences in effect to be considered, and enter into maintenance or refusal of injunctions, between a funeral home, a gasoline filling station, and a miniature golf course. When the final judgment was rendered in Higgins & Courtney v. Bloch, 216 Ala. 153, 112 So. 739 (Id., 213 Ala. 209, 104 So. 429, on pleading) it was for the conduct of an undertaking establishment in a residence section and before the zoning ordinance declared that location as being primarily for business.

It would serve no good purpose to recount the respective tendencies of the evidence. It may be said that care should be observed in the conduct of such a business as not to become a nuisance within the rule of the last-named case. Respondents' evidence showed elimination of some of the objectionable features—as the motorcycles which at one time may have been used; that loud and boisterous noises of the employees have been and will be restrained is also the effect of respondents' evidence.

This decree was in accord with Drennen v. Mason, 222 Ala. 652, 133 So. 689; White v. Luquire Funeral Home, supra; and Fletcher v. Barnard, 222 Ala. 380, 133 So. 29.

The decree of the circuit court is affirmed.

Affirmed.

All the Justices concur.