168 So. 868

## MAPLES v. MILTON.

8 Div. 725.

Supreme Court of Alabama.

June 11, 1936.

484

Bradshaw & Barnett, of Florence, for appellant.

W. H. Mitchell and Jones & Poellnitz, all of Florence, for appellee.

THOMAS, Justice.

The error assigned challenges the action of the trial court in overruling the demurrer to the bill in equity.

Appellant purchased a vacant lot adjoining the home of appellee, and, at the time of the filing of this bill, 'was proceeding with the erection of a building thereupon for his business of conducting or operating a filling station and' tire shop. Appellee filed her bill to prevent such action on the part of appellant, saying "that the inevitable incidents attendant upon the operation of a gasoline filling station are that there will be a continuing emission of odors, vapors, dust, smoke, gas and noise, and there will be thrown the headlights of automobiles entering upon or leaving said station the glaring lights from said automobiles flashing at unreasonable hours of the night into the bedrooms and other portions of the premises of your complainant; that any and all of said incidents and happenings will inevitably disturb the peace and comfort of the complainant and household, and that the operation of a tire service station on said lot will inevitably be attended by loud and disagreeable noises due to the manipulation of steel or other metal parts of automobile wheels with hammers or other instruments, and other noises incident to the operation of a tire shop, all of which will inevitably disturb the peace and comfort of the complainant. And your complainant says that the operation of such gasoline filling station and tire shop, or either of them, will as to your complainant be and become a nuisance working to her hurt, inconvenience and damage. * * * that as soon as she was informed of the intention of said respondent to erect said gasoline filling station and said tire service station on his said premises she instructed her son, Robert Milton, to give said respondent notice that she would protest against and resist the said construction, and that the same would operate as a nuisance to your complainant, and that her son, the said Robert Milton, did give said notice to said respondent, but notwithstanding said timely notice to said respondent, said notice has been utterly disregarded and the said respondent is rapidly erecting and making preparations for the operation of said filling station and said tire service station on his said lot; and that said respondent at the time of said notice stated that he was erecting a filling station and tire service station, and that he intended to complete the construction of the same."

It has been declared that a filling station is a lawful business, and not a nuisance per se even in a residential district, but may become such per accidens; that the location frequently becomes of controlling importance. Bloch et al. v. McCown et al., 219 Ala. 656, 123 So. 213; Id., 223 Ala. 348, 135 So. 633; City of Tuscaloosa et al. v. Standard Oil Co. of Kentucky, 221 Ala. 670, 130 So. 186; Fletcher et al. v. Barnard et al., 222 Ala. 380, 133 So. 29; Drennen v. Mason, 222 Ala. 652, 133 So. 689.

We are of the opinion, and hold, that under the averments of the bill which we have set out, there was no error in overruling the demurrer. The decree is, therefore, affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.