**MILTON v. MAPLES.**

**8 Div. 814.**

Supreme Court of Alabama.

March 3, 1938.

W. H. Mitchell and Jones & Poellnitz, all of Florence, for appellant.

Bradshaw & Branett, of Florence, for appellee.

KNIGHT, Justice.

The bill in this cause was filed by complainant, appellant here, to abate a nuisance. The sufficiency of the bill was sustained on a former appeal in the cause, and which was prosecuted from an interlocutory decree overruling demurrers thereto. Maples v. Milton, 232 Ala. 483, 168 So. 868. In the reported case may be found a full statement of the facts upon which complainant rested the equity of the bill. We will not, therefore, restate them here.

On final submission of the cause, on pleading and proof, the court below held that the complainant had not sustained the averments of her bill, and entered a decree dismissing the same.

The testimony was given by deposition, and we have, in reaching our conclusion, given no weight to the finding of fact by the trial court. However, on consideration of the evidence, we find ourselves in full accord and agreement with the trial court's conclusion.

Section 9271 of the Code provides: "A nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may other-

wise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful, or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man."

Of course it is recognized that the foregoing statutory definition of a nuisance is but declaratory of the common law, and in no wise changes the rule as heretofore existing in this state. Bloch et al. v. McCown et al., 219 Ala. 656, 123 So. 213.

In accord with the great weight of authority, we have time and again held that a filling station is a lawful business, and not a nuisance per se, even in a residential district, but may become such per accidens. Fletcher et al. v. Barnard et al., 222 Ala. 380, 133 So. 29, 30; Maples v. Milton, supra; Nevins v. McGavock et al., 214 Ala. 93, 106 So. 597; Gillette v. Tyson, 219 Ala. 511, 122 So. 830; Marsh v. Cheeseman, 221 Ala. 390, 128 So. 796; City of Tuscaloosa v. Standard Oil Co., 221 Ala. 670, 130 So. 186.

It is recognized that the matter of location not infrequently "becomes of controlling importance." Fletcher et al. v. Barnard et al., supra; White v. Luquire Funeral Home, 221 Ala. 440, 129 So. 84.

It clearly appears from the evidence in the case that complainant's residence is not located in a section of the city exclusively residential, but is located in "a semi-business" district. In fact, the evidence shows that, diagonally across the street or highway upon which complainant's lot abuts, there is another filling station, which had long been operated; and the evidence also shows that, within a distance of approximately 250 feet of complainant's residence, there were two other filling stations operated by other parties.

It cannot, therefore, be said that complainant's residence was in a strictly residential district.

Several of the neighbors of the complainant, and whose residences were immediately across the street from the respondent's filling station, testified that the filling station was neatly kept, orderly operated, and that there was no noise, or offensive odors from the place, and that the station had an exceedingly neat appearance; that they experienced no inconvenience whatever from the presence or operation of the station. In fact, no neighbor complained, so far as the evidence discloses.

It further appears that there had been no zoning of the city into residential or business districts, and the respondent had obtained a city permit for the erection of his filling station at the point where it was constructed.

The complainant offered some evidence tending to show that the location and operation of the filling station depreciated the value of her property, but there was equally as much testimony, and of equal probative value, that there was no depreciation in value whatever.

It is settled by our decisions, in such cases, that the mere fact of depreciation or diminution of value, without more, is unavailing as a ground for equitable relief. Fletcher et al. v. Barnard et al., supra; Nevins v. McGavock, supra.

It only remains to be said that the evidence wholly fails to support the material averments of complainant's bill, and that the court correctly so held.

The decree of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.